*Windsor,*
February,
1826.

## Nahum Trask *vs.* William Donoghue.

Of joint executors, none can act but such as give bonds under the statute.

An executor need not describe himself *as such,* in an action to recover for property of the testate, wrongfully converted by a stranger; for his possession and accountability for the property make a sufficient title for him to recover in his own name.

A trustee does not become such by nomination merely, but by accepting the trust.

If several trustees be nominated, and only one accept, he is sole trustee, and may alone bring an action touching the trust estate.

If real and personal estate be devised to trustees, to the use of a *cestui que trust,* during his life, and the trustees put him in possession and suffer him to occupy the same without account, the products may be attached by the creditors of the *cestui qui trust,* for debts contracted previous to the devise.

THIS was an action of trover, brought to recover the value of a certain quantity of hay.

On the trial, the plaintiff proved that the defendant took and sold fifteen tons and two hundred of hay, at the barn on the farm occupied by one *Joseph S. Sterne,* in Windsor; and it was admitted that the hay was taken by the defendant as a deputy-sheriff of the county of Windsor, on an execution in favour of a creditor of the said Sterne, on a debt accruing before the death of *Thomas Sterne,* his father. The plaintiff then produced the will of Thomas Sterne and the probate thereof, a copy of his administration account, and several affidavits, all which, by consent of parties, were read in evidence.

From these it appeared, that the said *Thomas Sterne* had died testate, seized, among other things, of the farm in Windsor, on which Joseph S. Sterne lives, and on which the hay in question was grown, and was attached. That after making several specifick legacies of small amount, he devised and bequeathed all his real and personal estate to *Nahum Trask,* the plaintiff, *Ralph Haskell* and *John Lynde,* in trust, to the following uses, viz: *first,* for the payment of his debts; *secondly,* for the payment of the specifick legacies; *thirdly,* for the support and maintenance of his wife *Sarah Sterne; fourthly,* for the support and maintenance of the said Joseph S. Sterne and *Elizabeth* his wife, and *fifthly,* for the support, maintenance and education of the children of the said *Joseph* and *Elizabeth,* and directing the said trustees, after the decease of the said *Joseph,* to convey whatever should remain of said estate, on that event, to the said children in fee. That he nominated the said trustees the executors of his will, and died. That the said *Trask* proved the will, accepted the trust, and gave bonds for his faithful administration of the estate; that he continued the said *Joseph S. Sterne* in the possession of the farm, and that on inventorying the personal estate, he immediately delivered the whole of it, amounting to $1189,19 (excepting the notes and accounts) to the said *Joseph S. Sterne,* for the use of himself and family. It did not appear that *Haskell* and *Lynde* had either given bonds as executors, or accepted of the trust under the will.

And the plaintiff further produced the said *Joseph S. Sterne* as a witness, who testified that the said *Thomas Sterne* died in No-

*Windsor*,
February,
1826.

Trask
*vs.*
Donoghue.

vember, 1816, seized of the farm, in Windsor, and that he the said Joseph S. Sterne, before the death of his said father, lived with him on said farm, in the same house, and had the care and superintendence of said farm, and that soon after the probate of said will, the plaintiff directed him to continue on said farm, and to take the care and management thereof; and from that time to this he has remained on said farm with the widow of said deceased, a part of the time during her life, and with his wife during her life, and with his children, all of whom have been supported from the product of said farm, and with supplies furnished by the plaintiff; that it was the understanding between him and said *Trask*, that he should have his living out of the proceeds of said farm, and that the same hath not been more than sufficient to support himself and those whose support was provided for in said will; that by the general direction of the plaintiff, he hired help when necessary and paid them out of the produce of said farm, and that he sold produce from time to time, and applied the proceeds towards paying for labour or necessaries for the family, but not to the payment of any of his debts; that accounts were opened at several stores, and there he turned in produce for the payment of the same, and that the plaintiff paid the balances due, or stood responsible for the same, and occasionally sent his hired men to labour on the farm; that he kept no account of the produce by him the witness sold or used in the family, and had no account with the plaintiff as between them of debt and credit, but that he did keep an account of all articles received by the plaintiff from the farm; that the stock on the farm has at all times since the decease of his father, consisted of his father's stock on the farm at his decease, or of the produce thereof, or of stock exchanged, or of stock put on to the place by the plaintiff; that the hay taken was cut on said farm; that the plaintiff in 1821 and 1822, hired grass lands in the vicinity of Capt. Lord and Capt. Ingersol, as by them stated in the paper referred to; that the hay cut thereon in 1821, was carried to the barn on said farm, and in 1822 was put into the barn of a Mr. *White*, on his farm, but was all fed out to the stock on said farm; that the said *Joseph S. Sterne* is not able to do more than half the labour of a common man; that he did the work on the said land so hired, with assistance of the labour hired on said farm, and with some of the plaintiff's labourers.

The plaintiff having closed his testimony, the defendant moved the Court to order a nonsuit. And the Court thereupon directed a nonsuit to be entered, with leave to the plaintiff to move to have the nonsuit taken off, and for a new trial.

This motion was argued the present term.

*Everett*, in support of the motion. The plaintiff claims title to the property, *first* as executor, and *secondly* as trustee, under the will of *Thomas Sterne*.

1. As executor. The plaintiff and two others were appointed executors, but the plaintiff only administered.

Trask
*vs.*
Donoghue.

There was no evidence, that the estate ever passed from the executor to the trustees ; no final account has been allowed.

The trustees never entered on the farm, and therefore, as such, had no title to the crops.

2. As trustees. The land on which the hay grew was devised to the plaintiff and two others, in trust.

It is not to be presumed that trustees accept, where the trust is a charge without interest.

There was evidence proper for the jury to weigh, tending to show, that the others did not accept the trust, or the executorship, that they never acted, and that the plaintiff acted *alone.*

3. A will cannot be fraudulent; and Sterne was occupying according to the fair meaning of the will, and had no property in the produce.

*Hubbard,* contra. This suit cannot be maintained by *Nahum Trask* alone. The interest vested in the trustees is a joint interest.

1st. Residuary legatees and executors are joint tenants, unless the testator uses some expression which converts them into tenants in common.—2 *Bla. Com.* 399, *n.* 2—2 *P. Wms.* 113 —3 *Bro.* 455.

And the law is so here, unless it has been altered by our statute. No person shall intermeddle or act as executor, except those who give bonds.—*Stat.* 339.

2d. But in this case, the devise is to all in trust, and if any of the trustees have an interest in the produce, that interest must follow the interest of the land from which it is produced.

The great index of a joint interest is *survivorship,* and this is incident to all sorts of estates, a fee, estates for life, or a less estate, or even a personal chattel.—2 *Bla. Com.* 183, 399.

A trustee is considered merely as an instrument of conveyance, and cannot affect the estate, except by alienation, without notice, which, as the *cestui que use* is generally in possession, can rarely happen.—*Shep. Touch.* 507 *n.*

Trust estates are to be governed by the same rules as legal estates.—*ib.* 507 *n.*—1 *P. Wms.* 109.

An estate in joint tenancy depends on the words of the *deed* or *devise.*—*Shep. Touch.* 507.

In all actions relating to their joint estate, all must join. One cannot sue or be sued alone.—2 *Bla. Com.* 182.—*Co. Litt.* 180 *b.*

A *naked* trust to two or more does not survive, as a power of attorney. If one die, the power is at an end ; but if it be coupled with an interest, it does survive.—*Co. Litt.* 181 *b.*

3d. By the decease of the two women, *Joseph S. Sterne* had become the sole *cestui que trust.* He was in possession, carried on the farm, as every man carries on the farm which he owns. It follows, that the produce was his *own,* and not the property of the trustees.

He carried on the farm, and disposed of the produce, without account.

*Windsor,*
*February,*
1826.

~~~~~~

Trask
*vs.*
Donoghue

4th. If all the property which a man might gain by his industry is to be thus shielded from his creditors, it might be made use of in all cases. Create a trust, and put the *cestui que trust* into possession, and all would be safe. No such plan would be fraudulent against creditors.

The entire possession and control of the property which the debtor had in this case, constitutes a fraud in law, and when creditors find their debtor in the possession of personal property, using it as others do their own, they have a right to consider it as his.

If one permit his property to be mixed with the property of the debtor, so that they cannot be distinguished, it is liable to be taken as the debtor's.—7 *Mass. R.* 123.

The opinion of the Court was pronounced by

HUTCHINSON, J. The question now to be decided, is, whether, upon the whole testimony now presented to the Court on paper, and giving it all the weight the plaintiff can fairly contend for, the hay in question was the property of the plaintiff, to the exclusion of the creditors of *Joseph S. Sterne*, or whether the same was liable to the attachment of such creditors?

Other questions are urged in argument. 1st, Whether the plaintiff can sue alone in this case, as executor, others being named who are not joined in the suit? 2d, Whether he alone can recover, in his right as a trustee, other trustees being named in the will of *Thomas Sterne?* It appears by the case, that the plaintiff was the only executor who gave bonds as executor, and our statute cited in argument, settles the point, that no person can act as executor, except such as give bonds. If, therefore, *Trask* was the sole executor who had acted, or was authorized to act as such, and had the possession and control of the property when it was attached, he may sue alone; nor need he name himself executor, for his lawful possession and his accountability for the property form sufficient title for him to recover in his own name. And, as the property does not appear to have been transferred, nor possession delivered by the executor to the trustees, nor any closing the settlement of the estate, the fair presumption is, that the plaintiff, if he held at all, held as executor. But 2dly, if he held as trustee, he seems clearly to have held as sole trustee; for there is presented to the Court no evidence whatever of any acceptance of the trust, by any other of the trustees, or any attempt to control the property by them. On the contrary, the long control and care of the plaintiff, solely without the interference of the other trustees named, furnishes a strong presumption, that the others refused to accept the trust. If they refused or neglected to accept and act as trustees, they are out of the question as it respects this action. They cannot be compelled to accept, and until they do accept, they are not trustees. The law cited, requiring joint trustees to join in a suit concerning their trust estate, means such as are in fact trustees. If, then, we should consider Trask possessing as trus-

*Windsor,*
February,
1826.

Trask
*vs.*
Donoghue.

tee, we must consider him sole trustee.   In either view, therefore, the action is well brought in the name of Trask alone.

In returning to what the Court consider to be the main question, it appears, that the hay was in the immediate possession of Joseph S. Sterne, was cut under his care, on the farm on which he lived, and had lived even before the decease of his father, taking the immediate care of the farm and stock.   Indeed there is no dispute but the care and use of the property, by Joseph S. Sterne, at and before the attachment, were as if the whole were his own.   Thomas Sterne, the father and owner of the property, died in 1816.   The mother lived as a part of the family of J. S. Sterne till she died.   Since that his wife has deceased, and from that time he and his children compose the family, and the whole produce of the farm and stock have been appropriated to the support of the family, and paying such debts as were contracted in carrying on the farm, but none for the payment of the antecedent debts of said J. S. Sterne.   There is no dispute about these matters.   But the plaintiff contends, that all this is in perfect accordance with the directions of the will of Thomas Sterne, the father, and pursuant to the trust therein created. Neither is this disputed.   Hence the Court are compelled to decide upon that trust devise and its effect upon the property in question.   The devise was of the farm in question, and all the personal estate that should remain, after payment of debts and some small legacies, to the trustees named in trust, for the support of the widow during her life, then for the support of the said Joseph S. Sterne and his wife during his life, and for the support and education of the children of said Joseph S. Sterne by his said wife, and after the decease of said Joseph S. Sterne the trust was to be closed, by a full conveyance to said children of all the property, real and personal, that should remain after the decease of the said Joseph.   It appears that the mother and wife of J. S. Sterne deceased some time previous to the attachment of the hay in question, so that during the growth of the hay and the possession of it till and at the attachment, the whole profits expended by the trustees must have been expended for the support of said Joseph, and for the support and education of his said children.   But the law bound Joseph S. Sterne to support and educate said children : what, therefore, was expended for their support and education, was virtually expended for the use of said Joseph S. Sterne.   All these circumstances concurring, make Joseph S. Sterne, for the time being, sole *cestui qui trust* of all the property thus placed in the hands of the trustees. Moreover, the care and labour of Joseph S. Sterne were added to produce this property, to cut and secure the hay, and that labour added much to what would otherwise have been its value.   Now, can *Joseph S. Sterne* be *cestui qui trust* of personal property not exempt by law from attachment, and have the sole visible possession of that property, and add much to its value by his own industry, which, but for this stratagem, might produce some other property for his creditors.   And can he hold this

property to the exclusion of his honest creditors? The Court are of opinion that he cannot. *Windsor, February, 1826.*

If the trust estate were managed wholly by the trustees, without the assistance of the *cestui qui trust*, and they were dealing out a daily support merely, the question might be very different. But on recurrence to the account of the plaintiff, as executor, it appears he has suffered Joseph S. Sterne to have the entire management of the trust estate, and delivered him the entire personal estate, except the debts due. The personal estate thus delivered at once, amounted to $1189,19, besides various sums in cash, &c. for the use of his family, at different times. *Trask vs. Donoghue.*

> As the case is, the officer had a right to attach the property, and the nonsuit must stand, the plaintiff taking nothing by his motion.

*Horace Everett*, for the plaintiff.

*Jonathan H. Hubbard* and *Charles Marsh*, for the defendant.