FRANKLIN,
*January,*
1832.

Newton
*vs.*
Adams et al.

The judgement of the county court is affirmed.

### JOSEPH ADAMS *vs.* SAMUEL CAMPBELL.

FRANKLIN,
*January,*
1832.

In debt on a judgement recovered by an executor in his representative capacity, it is not necessary that the plaintiff should describe himself as executor.

The omission of the *debet* and *detinet* in such a case in the declaration is a ground of special demurrer.

Action of *debt* on judgement. The declaration was as follows :

" Now the plaintiff here in court comes and declares against the defendant in a plea of *debt,* for that the said *Adams* and one Peter Sawyer, late of South-Hero, in the county of Grand-Isle, since deceased, as administrator of all and singular the goods, chattels, estate, debts, dues, and credits, of John Stark, late of South-Hero, aforesaid, by the consideration of Alpheus Hall, one of the justices of the peace, within and for the county of Grand-Isle, on the 18th day of August, 1823, at South-Hero, aforesaid, recovered judgement in their favour against the said *Campbell,* by the name of *Samuel Campbell,* of St. Albans, in the county of Franklin, aforesaid, for the sum of twenty three dollars and forty one cents, damages, and for twenty-five cents for costs of confession, as by the record thereof now remaining in said justice's court, ready in this court to be shown, will more fully and at large appear ; which said judgement now remains in full force and effect, and not in any way reversed, annulled, satisfied, or made void : whereby an action hath accrued to the said *Adams,* to have and recover of the said *Campbell,* the said several sums of twenty-three dollars and forty-one cents,and twenty-five cents, amounting, in the whole, to twenty-three dollars and sixty-six cents. Yet the said *Campbell,* although often requested, hath never paid the same ; but wholly neglects and refuses so to do ; to the damage of the plaintiff, as he says, sixty dollars."

The defendant demurred to the declaration, and assigned the following special causes : 1. That it was not alleged in said declaration the defendant *owed* to or *detained* from the plaintiff any sum of money whatever. 2. That the sum of damages and cost specified in the pretended judgement mentioned in the plaintiff's declaration was set forth in several different sums, and not in the aggregate. 3. That the plaintiff in his declaration did not ask the recovery of either his *debt* or damages. 4. That the declara-

FRANKLIN,
*January,*
1832.

Adams
*vs.*
Campbell.

tion was in other respects altogether vague, uncertain and insufficient.

*Smith and Royce, for the defendant,* in support of the demurrer, cited, 1 *Chit. Pl.* 291 ; 1 *Saund.* 111, 112 ; *Hammond on Parties,* 154 ; 1 *Chit. Pl.* 203, 100, 344, 87, 88, 360 ; 2 *do.* 179 ; 6 *Mod.* 306 ; *Gilb. on Debt,* 399, 400, 359.

*Smalley and Adams, for the plaintiff,* cited, *Lord* vs. *Houston,* 11 *East,* 62 ; *Saund.* 405 ; 3 *B. C.* 155, 295.

PHELPS, J.—Several points are made in this case. The declaration is alleged to be bad,

1st. Because the plaintiff declares in his private right and not as executor. Some difficulty has occurred on this point, but it has been generally in those cases, where an attempt has been made to join different distinct causes of action in one declaration. No question as to joinder of action is raised in this case. The simple question here is, whether the plaintiff can maintain the action in his private capacity.

That he might sue in his representative character is evident from the consideration, that the declaration shews the demand to be assets in his hands. But may he not sue also in his private capacity ? It is a general rule, that for causes of action arising during the life of the testator, the executor must sue in his representative character; for it is in this character only that he is entitled to the action. But upon a cause of action accruing to him after the decease of the testator, and where no right was vested in the testator, the executor should sue in his private capacity. Thus upon a contract entered into by him subsequent to the decease of his testator, although that contract may concern the testator's estate, he should sue in his private character, as the person in whom the right originally vested.

The mode of declaring has always reference to the proof required to sustain the action. The declaration should allege that which the law requires to be proved, and it need not allege that which is not necessary to be proved. Whenever, therefore, it becomes necessary for the plaintiff to show his representative character, or, in other words, to make *profert* of his letters testamentary, he should sue in his representative character ; but on the other hand where this is not necessary, there is no reason for requiring the setting up that character in the pleadings. Perhaps

there is no better criterion, by which to settle this question, than this : is it necessary to prove his letters testamentary ? It certainly cannot be, if the former judgement is to have its usual and necessary effect. That judgement is conclusive of the plaintiff's right to recover, and as conclusive of his representative character as of any other fact which was necessary to be proved. The effect of that judgement was to vest the right in him personally ; and, at common law, no other person could prosecute or control the judgement. Hence the necessity of our statute authorizing an administrator *de bonis non* to prosecute in such cases. This being the case, it was not necessary for the plaintiff to describe himself as executor or administrator.

It is argued, however, that the different capacity in which the plaintiff appears in this and the formes action, is virtually a change of parties. If this be so, it is no more than was effected by the former judgement. In that instance his right of recovery depended upon his representative character, but in this, upon his being a party to the former judgement. It was, indeed, necessary to describe that judgement as having been recovered in that character, in order to avoid a variance ; but it being so described, the reason for the change of capacity appears on the face of his declaration. The action, therefore, is correctly brought.

2dly. It is contended further, that the declaration is bad for want of any allegation that the defendant *owes* or *detains*. This defect, if it be one, is a mere matter of form, and a ground of special demurrer only. But matters of form are so interwoven with the rules which determine the rights and liabilities of parties, that it would be dangerous to dispense with them. Sealing is a matter of form ; but to hold it to be immaterial would unsettle a great portion of the law of contracts.

That the omission of the *debet* and *detinet*,is a ground of special demurrer, appears from 2 *Chitty's Pleadings*, *p*. 179, and 6 *Mod. Rep*. 306. It is sufficient on this point that the precedents are so.

The case of *Lord* vs. *Houston, (*11. *East.* 62,) cited by the plaintiff, turns upon the mode of declaring peculiar to the court of Kings Bench. *Ld. Elenborough,* after alluding to the different modes of declaring in the two courts, says, " There is no occasion for our giving any opinion as to the mode of pleading in the common pleas."

The declaration is, for this cause, insufficient.

(The declaration was amended upon terms.)