### John B. Lovell vs. Wm. H. Field and Ida Field.

That defendants, being administrators, cannot object to the report of auditors, on account of the interest arising from their being creditors to the estate; the allowance of the claim being against this interest.

That administrators are liable, as individuals, for the debts they contract, while administrators, though the contract be for the benefit of the estate.

That the exceptions to the decisions of the County Court bring up to the Supreme Court no questions of fact, but only the questions of law arising upon facts found or agreed to.

This was an action on book account, which was submitted to auditors by the County Court, who made a special report of facts, and returned a balance in favor of the plaintiff. By this report, it appears, that there was no objection to the items of the plaintiff; but objections were

ADDISON,
January,
1833.

Lovell
vs.
Field et al.

made to the plaintiff's recovering at all, for reasons presented in the exceptions to the report, and again in exceptions to the decision of the County Court. The facts of the case need not be recited here, they are so fully stated in the arguments of the counsel, and the opinion of the Court. One fact, of a special contract about pay-day, is incorrectly assumed by counsel, but corrected in the opinion of the Court. The County Court accepted the report, and rendered judgement for the plaintiff on the same.

*Argument for the defendants.*—Three questions are taken by the defendants in this case :

*First*, Whether an administrator, making a debt for the benefit of his intestate's estate, with notice to the creditor of the purpose for which it was contracted, binds himself in his individual capacity.

*Second*, Whether creditors of an intestate's estate, having had their claims allowed by Commissioners, but not having received payment, are competent triers of any question as to such estate, which, in its effect, is to lessen or increase their dividend.

*Third*, Whether, when a creditor agrees with an administrator to wait for his pay until an estate is settled, (and the estate is *not* settled,) his debt is due until that fact takes place.

Upon the *first* point, it is evident that the credit is given to the intestate's estate, *as such*, and not to the administrator, *in his personal capacity*.

As to the *second* point, the creditors are directly in interest in the result of the question. What they allow or disallow operates directly, where the estate is insolvent, (as in the present case,) to increase or reduce their dividend.

And, upon the *third* question, as the contingency is made by agreement of the parties themselves, and is, in itself, a condition precedent, it must occur before the right to sue can accrue at all. If an administrator does not seasonably settle his administration account, the party suffering from the delay can call upon the Probate Court, and obtain the liberty of commencing an action upon the Probate Bond.

*Argument for the plaintiff.*—The plaintiff in this case contends, that, although the goods may have been delivered to

ADDISON,
January,
1833.

Lovell
vs.
Field et al.

the administrator for the benefit of the estate, yet the es-tate cannot be made chargeable, but the administrators must be made liable in their private capacites. 2d, The interest of the auditors could not be affected, whether the estate should prove solvent or insolvent, (which has not yet been settled.) If solvent, they would reckon the whole amount of their claim, and, if insolvent, the interest must operate in favor of the defendants; as it would be an ob-ject with them to reduce the plaintiff's claim, to as small an amount as possible; and by so doing, increase their dividends. 3d, It will be seen by the auditor's report, that the plaintiff's account was admitted by the defendants; but the defendants contended, there was a special contract, in relation to the manner and time of payment. One of the defendants, Wm. H. Field, testified directly opposite on this point; yet the auditors, on weighing the testimony and circumstances, were induced to believe, there could have been no such contract made, or sworn to by defend-ant. Had the testimony of Field been taken as a bar to this suit, it would be impossible for the plaintiff ever to re-cover the amount of his claim. He swore, as will be seen by the report, that the goods in question were not to be paid for until the estate of James P. Field was settled. It was admitted the estate had not yet been settled, although the time given by the Probate Court had elapsed long be-fore the commencement of this suit. The defendants be-ing administrators of said estate, might prevent the plain-tiff from recovering his demand for years, by delaying to close the estate. We also contend that Field was not a competent witness to prove a special contract, and do a-way the book, as the account was *prima facie* due, and must be done away by testimony other than the parties.

HUTCHINSON, Ch. J.—The supposed interest of the au-ditors in this case bears the wrong way to support the ob-jection. The auditors were creditors of the estate, and they have allowed the whole of the plaintiff's account a-gainst the defendants. If this created any interest, it would be an interest to disallow the claim in whole or in part, thereby to leave a larger fund for the payment of their own debts. The defendants might be benefited, but never

could be injured by this interest. The objection, coming from them, cannot prevail. Had the plaintiff's claim been disallowed in whole, or in part, and he had taken the exception, it would have deserved a different consideration. But nothing appears in the report, but that there is an ample fund to pay all the debts in any event; though the counsel suggest an insolvency of the estate. This, to have any effect, should appear as a fact found.

Addison,·
January,
1833.

Lovell
vs.
Field et al.

The defendants further object, that they purchased these articles of the plaintiff's account as administrators, and for the benefit of the estate; and, therefore, are not liable as individuals, but only as administrators; and let execution come only against the estate of the deceased. No authorities are produced to show, that any other action than this would lie at all. Probably none can be found. The administrators may make contracts in their favor by sales of the property, or renting the real estate; and upon these they may maintain actions in their own names, without adding administrators; or they may declare as administrators, and recover in either of these ways : and the addition in the last case shows their accountability to the estate for the avails of the suit. But the administrators cannot promise to bind the estate in the way now contended for. The promise is their own, and they are personally liable. They may make it on the credit of the estate in their hands; but whether they have a right to pay out of the same, depends upon its being so beneficial to the estate as to receive the sanction of the Probate Court.

The third, and last objection, rests on the point of an agreement of plaintiff to wait for his pay, till the estate should be settled. There is no doubt that an agreement for a future pay-day may be so made, that no action can be maintained for the demand, till such pay-day has arrived. But the plaintiff contends, that this agreement is void by its describing a pay-day that never can arrive; for, if this claim was to be paid out of the estate, the payment of it must precede a final settlement; and further, that the defendants might never settle, and thus keep off the time of payment. Probably a rational construction of such an agreement would avoid these difficulties. The construction should be, when the estate is so far settled as to render it

Addison,
January,
1833.

Lovell
vs.
Field et al.

proper that the administrators should be paying the debts, or have obtained an order of the Probate Court for such payment. If the administrators neglect their duty and seek occasion for delay of payment, the construction should be, that there be a reasonable time for the estate to be so settled, as that the debts can be paid with safety and propriety.

But a further answer to this objection is very conclusive. The auditors have not reported any such agreement to wait for the pay. They report that one of the defendants testified to such an agreement, but they also report, that the plaintiff as absolutely testified, that there was no such agreement. This was a matter of proof before the auditors, and their report shows, that they did not find the fact proved. It would have been more correct for them to have said nothing about the testimony, or who testified about the fact, unless to present an objection to testimony, which does not appear in this case ; but merely have stated that the defendants contended for such an agreement, but the same was not proved.

It is now urged, that the defendants were not competent witnesses to prove such an agreement. There appears to have been no objection of this kind raised before the auditors, and it is too late to raise it in objection to their report. But, if the objection had been raised in season, it must have been overruled, according to the doctrine of the case of *Truesdell* vs. *Stevens*, in Aikens' Rep. The defendant was admissible to show the debt not due when the action was commenced. But the plaintiff's testimony exactly contradicting that of the defendant who testified, the whole was neutralized.

The judgement of the County Court is affirmed.

*Philip C. Tucker*, for the defendants.

*Woodbridge & Son*, for the plaintiff.