By the Court, Gilbert, J.
No question was made by either party respecting the jurisdiction of the surrogate in the proceedings brought up for review. We assume, therefore, that proceedings are authorized by section 6, chapter 359 of the laws of 1870. The .referee finds that Mr. Sears was induced to make the settlement of his claim by an erroneous statement contained in the administrator’s inventory of the estate of the intestate, whereby a large portion of such estate was suppressed, and that the administrator violated his duty in concealing that part of the estate so suppressed. The legal effect of the referee’s finding is, that there was a mistake on the part of Mr. Sears, and that which is equivalent to legal fraud on the part of the administrator. We cannot say that this finding is unsupported by the evidence; for the testimony of Mr. Sears is certainly sufficient to sustain it. The mistake of one party and the fraud of the other is quite as good cause for vacating the settlement as a mutual mistake. (Welles v. Yates, 44 N. Y. 525.) The case shows, however, that the sum of $500, which was paid to Mr. Sears on the occasion of the settlement in'question, was'sufficient to extinguish all his valid claims against the administrator. When that payment was made, the amount due him from John Blood-good’s estate was only $460.46. The claim presented by Mr. Sears embraced charges for services rendered to the administrator after the death of the intestate, and also charges for services rendered to him as administrator of the estate of another deceased person, namely, Mary Bloodgood. These have been improperly allowed by the referee. The surrogate has no jurisdiction to allow such claims. A contract made by an administrator does not bind the estate, or create a lien upon the assets thereof in his hands. (Austin v. Munroe, 47 N. Y. 360.) And it is scarcely necessary to say that there is no ground upon which the estate of John *69 M. Bloodgood can be charged for services rendered to the administrator of the estate of Mary Bloodgood.
[First Department, General Term, at New York,
November 4, 1872.
Leonard and Gilbert, Justices.]
The order of the surrogate must therefore be reversed, . and the administrator’s exceptions allowed, with costs.