ARTEMAS C. POWERS *v.* BYRON J. DOUGLASS.

*Administrator liable on an Award before the Settlement of an Estate. R. L. s.* 2148.

1. An action of *assumpsit* will lie *upon an award* in favor of one of the heirs against the *administrator, personally,* when they had regularly submitted their differences to arbitration.
2. Gen. Sts. c. 48, ss. 39 and 40, (R. L. s. 2148, 2149) as to *referring disputed claims* of deceased persons, &c., construed.

THIS case was tried by the court at the September Term, 1880, Ross, J., presiding. Judgment for the defendant. Action, assumpsit upon an award. Plea, *non assumpsit,* and notice.

The heirs,—four sons, two daughters and their husbands—of Sylvanus Douglass, on the 15th day of March, 1873, entered into the following agreement :

We the undersigned, children and heirs of Sylvanus Douglass, late of Pittsford, deceased, hereby agree to pay to A. C. Powers whatever extra interest he has paid on money raised by him to pay for land in Colchester, Vt., which he purchased as trustee for Mrs. Abby Douglass, the sum amounting to about one hundred and seventy dollars. And we agree that B. J. Douglass, administrator of Sylvanus Douglass, may and shall pay sd. Powers sd. extra interest, out of the distributive shares to come to us out of the estate of our father said Sylvanus.

(Signed)           A. C. POWERS, M. E. DOUGLASS,
LORETTA DOUGLASS,    JULIANA POWERS,
SIDNEY S. THOMPSON,   B. J. DOUGLASS,
EDGAR DOUGLASS,      LORETTA DOUGLASS.

On the 8th day of March, 1877, all the heirs signed a paper by which they agreed to submit their differences to the Hon. HOYT H. WHEELER. Judge Wheeler awarded as to the claims of each of the heirs ; and as to the plaintiff's as is stated in the opinion of the court. The defendant, July 10th, 1879, settled his account with the Probate Court, crediting himself with the $170 and interest. It was not claimed that it had been paid. The plaintiff appealed ; and the appeal was pending at the time of this

Powers *v.* Douglass.

trial. The plaintiff appealed on other matters than those sought to be recovered in this suit. The other facts appear in the opinion of the court.

*W. C. Dunton,* for the plaintiff.

The defendant, by signing the submission, incurred a personal liability. *Templeton* v. *Bascom,* 33 Vt. 132 ; 6 Pick. 268 ; 3 Williams on Ex. 1883 ; *Chadbourn* v. *Chadbourn,* 9 Allen, 173. By signing it he virtually agreed to pay the award. *Barry* v. *Rush,* 1 Durn. & East, 691 ; *Worthington* v. *Barlow,* 7 Ib. 453 ; *Lovell* v. *Field,* 5 Vt. 218 ; *Moor* v. *Wright,* 1 Vt. 57 ; *Harrington* v. *Rich,* 6 Vt. 675. *Pleue administravit* would be no bar. *Biddle* v. *Sutton,* 15 E. C. L. 416. Allowing this award by the Probate Court to the defendant was equivalent *to an order* to pay it. 9 Vt. 78 ; 13 Vt. 139.

*W. H. Smith* and *Prout & Walker,* for the defendant.

The papers submitted to the arbitrator as the foundation of plaintiff's claim in this case, pertained to the duties of said defendant as such administrator, and to the distribution of said estate, and provides that said allowance to the plaintiff shall be paid " out of the distributive shares of the heirs of said estate."

The award following the submission is for the payment to the plaintiff by the defendant as administrator and out of said estate, as above stated.

As to the effect of the appeal, see *Probate Court* v. *Kent,* 49 Vt. 380.

The award, like the report of commissioners, must go to the Probate Court, and pass that court before it is collectable by common-law proceedings. *Adarene* v. *Marlow,* 33 Vt. 558 ; *Hodges* v. *Thatcher,* 23 Vt. 455. This court does not know but the estate is insolvent. Why should this claim take precedence over claims allowed by commissioners ? Roberts's Dig. 567. Such arbitrations must be " under an order of the Probate Court"; the award, *returned* and *adopted* by such court. Gen. Sts. 375, ss. 39, 40 ; 2 Redfield on Wills, 242.

The opinion of the court was delivered by

ROYCE, J.   This is an action of assumpsit on an award.   Certain differences having arisen between the defendant, who was the administrator and one of the heirs of Sylvanus Douglass and the plaintiff and others, also heirs, a submission of all such differences to the final arbitrament and award of the Hon. Hoyt H. Wheeler was drawn up in writing and signed by the defendant, the plaintiff and all the other heirs of the said Sylvanus Douglass, on the 8th of March, 1877.   The arbitrator therein named made and published his award on the 29th day of May, 1877, awarding, among other things:   " That Byron J. Douglass forthwith pay to Artemus C. Powers, out of the estate of Sylvanus Douglass in his hands as administrator thereof, one hundred and seventy dollars with interest thereon, from the 15th day of March, 1873, to the time of payment."   Upon this the declaration counts.

By reference to the submission and award, it will appear that the differences submitted all relate to, and concern the estate of Sylvanus Douglass and the heirs to that estate.   In the submission the defendant Byron J. Douglass appears solely in the character of administrator, except that his signature is without official designation ;  and the award deals with him in that capacity. This action is brought against Byron J. Douglass, *personally ;* and it is claimed upon the part of the plaintiff that he is personally liable under the award.   The general ground of defense is, that the submission and award merely affect the defendant in his capacity of administrator ;  and that the sum awarded to be paid by him stands substantially like a claim allowed by commissioners, and may not be recovered until after the Probate Court shall have decreed its payment.

Sections 39 and 40 of chap. 48, of the Gen. Sts., provide that disputed claims between an executor, administrator or guardian in his representative capacity and any other person, or between an executor or administrator and the estate which he represents, may be referred under an order of the Probate Court, in the manner therein prescribed ;  and that the award of the referee in such cases " made in writing, and returned to and accepted by the court, shall be final between the parties."   Had the submission in

in this case been made under these sections of the statute, the claim of the defendant would be entitled to serious consideration ; but it was evident that such was not the case. It was a common-law submission to arbitration, by parties legally competent to enter into it, of matters in dispute between them, without any relation to the Probate Court. It is true that the matters submitted had reference to an estate which was in process of settlement in the Probate Court ; but this is a mere incidental fact. The Legislature simply provided a method of referring to arbitration disputes arising in the settlement of estates, or their management by guardians which should bind the Probate Court and the parties ; it did not make the form of procedure provided for exclusive.

Irrespective of any statutory enactment the parties to this submission had a perfect common-law right to do just what they did do ; and in the absence of any language which can possibly be construed as indicating an intention on the part of the Legislature to abrogate or affect that right, the statute will not be construed as affecting or superseding it. *Dickinson* v. *Dutcher*, Brayt. 104 ; *Chadbourn* v. *Chadbourn*, 9 Allen, 173.

The submission not being made under the order of the Probate Court or under the statute, no action of that court upon the award is necessary, and the main question arises, Is the defendant personally liable upon the award ? No question is made but that the award is within the terms of the submission ; and the court below found that the defendant had sufficient funds in his hands belonging to the estate out of which the award could have been paid. In 2 Redfield on Wills, 294, it is said : " It seems to be settled, that if the personal representative refer disputes between a creditor of the estate and the deceased, to arbitration, and in the submission stipulate, generally, to pay the amount of the award, he will be bound personally by the award. But if the award be only that the amount is due from the estate, and there be no order or finding that the personal representative shall pay the amount, he will not be liable unless he have assets, or only to that extent."

Both of the paragraphs above quoted apply to the case at bar. Such a submission by an administrator is in law regarded as a personal undertaking to pay the sum properly awarded under it.

It is a contract by the administrator,—not his intestate,—and is subject to the same rules which govern executors' and administrators' contracts generally. The submission in the present case seems to answer the requirements of the law as to such contracts in all respects. It is in writing, and is not only based upon the consideration of assets, but upon the further consideration of the undertaking of all the other heirs with the defendant, who was also an heir, to submit disputed matters to arbitration and abide the award. We think according to the uniform course of the decisions in this State and elsewhere, that the administrator under such circumstances is personally liable upon the award. *Barry* v. *Rush*, 1 T. R. 691; *Worthington* v. *Barlow*, 7 Ib. 453; 2 Rose's Bankruptcy Cases, 50; *Willard* v. *Brewster*, Brayt. 104; *Moar* v. *Wright*, 1 Vt. 57; *Lovell* v. *Field*, 5 Vt. 218. Administrators are held personally liable for costs, *O'Hear* v. *Skeels*, 22 Vt. 152; and upon personal contracts made by them, though wholly relating to the estate, may sue in their individual capacity. *Bottam* v. *Morton*, Brayt. 108; *Flowers* v. *Kent*, Ib. 134; *Trask* v. *Donoghue*, 1 Aik. 370; 33 Vt. 106; *Adams* v. *Campbell*, 4 Vt. 447; *Manwell* v. *Briggs*, 17 Vt. 176; 46 Vt. 394; *Rix* v. *Nevins*, 26 Vt. 384; *Aiken* v. *Bridgman*, 37 Vt. 249; *Haskell* v. *Bowen*, 44 Vt. 579. We can see no reason why the same rule should not apply in the case of actions brought against administrators personally; and such seems to be the uniform current of the decisions.

The judgment of the County Court is reversed, and judgment for the plaintiff for the amount awarded him by the arbitrator.