HIRAM NOYES, ADM'R, *v.* HIRAM PHILLIPS.

*Probate Court. Disputed Claims. Reference. Pleading.*
*Action of Debt.*

1. The Probate Court is not restricted to any particular class of "disputed claims" in ordering a reference under the statute,—R. L. s. 2148; and, after the parties have consented in writing to the reference, the court can appoint whom it pleases as referee.
2. Such a reference is not an arbitration proper; and no formal submission is required.
3. The decree of the Probate Court in such a case on the referee's report, unappealed from, may be the basis of an action of debt.
4. The omission of the *debet* and *detinet* in the declaration is fatal on special demurrer.

DEBT on a decree of the Probate Court. Heard on special demurrer to the declaration, September Term, 1883, Orleans County, REDFIELD, J., presiding. Demurrer sustained.

The declaration alleged, that the matters of difference submitted were "in relation to the purchase, conveyance, and possession of a certain parcel of real estate"; that the court accepted the referee's report; and ordered the defendant to pay to the plaintiff the sum of $187.25 as damages, and as costs of the reference, $100.64; and that the "plaintiff says that the said defendant has not paid said sum to him, though requested so to do, nor any part of the heretofore mentioned sums; whereby an action hath accrued to the said plaintiff to have and recover, &c.; yet the said defendant, although often requested, has not paid said last mentioned sum of money and interest thereon to the plaintiff, but wholly neglects and refuses so to do, which is to the damage," &c.

The special demurrer set out the submission, a part of which was as follows: " Said Noyes of the first part, claiming that the said persons named of the second part are un-

lawfully possessed of certain property belonging to said Blanchard's estate, consisting of real estate, notes, accounts, bank stock," &c. The parties agreed to refer "said controversies and differences to L. H. Thompson, * * * if he can be had in season, if not, to W. D. Crane," &c.

*B. F. D. Carpenter,* for the plaintiff.

*Grout & Miles,* for the defendant.

The opinion of the court was delivered by

POWERS, J. We think counsel have on both sides labored under a misapprehension respecting the scope of the statute under which the proceedings in this case were had. It has been argued upon the theory that Mr. Crane was an arbitrator, and the trial before him an arbitration limited by the terms of the submission agreed upon by the parties. The declaration, which is before us for consideration upon demurrer, sets forth that the trial before Mr. Crane was had pursuant to sec. 2148, R..L., which reads: " When there is a disputed claim between an executor or administrator in behalf of the estate he represents, and another person, it may, with the consent of the parties in writing, be referred, under an order of the Probate Court," &c. The referee's authority comes from the court, and the court's authority to refer is given by the statute, provided the parties consent in writing.

The consent in writing called for in the statute does not contemplate a formal submission to an arbitrator; and none is required as in arbitration proper. It is not requisite that the parties mutually choose the referee; he is the appointee of the court. All the agency of the parties demanded is, that they consent in writing to this mode of trial.

In this view of the statute, it is apparent that many of the questions discussed in argument, touching the scope of the submission and award, are unimportant.

The submission in this case shows the consent in writing

of the parties that the court might refer the disputed claim to Mr. Thompson, or, in an alternative, to Mr. Crane. The court issued the rule to Mr. Crane; and as the *mode of trial* and not the selection of the referee is the only matter dependent upon the consent of the parties, the court might appoint whom it pleased.

The statute does not restrict the court to any particular class of claims in making a reference;—" a disputed claim " is the wording of the statute. It is apparent that a great variety of claims for and against estates may come into dispute; and the obvious purpose of the statute is, to provide a cheap and speedy mode of trial for their determination. A claim, disallowed by commissioners, and appealed by the claimant, if the appeal has not been entered in the County Court, is within reach of this reference. The declaration in this case avers that the "disputed claim " related "to the purchase, conveyance, and possession of a certain parcel of real estate." This language is broad enough to warrant an award for the purchase money of such real estate.

It is not apparent why such a dispute could not as safely and properly be determined by a reference as any other matter. The intestate, if living, and the defendant could have agreed to such a trial without question; and, as in this case, the Probate Court is to determine whether the reference shall be made, no harm to the estate or persons interested in it is probable.

The statute requires the referee to return his award to the Probate Court; and when accepted by that court, it is to be final between the parties. On the return of the award to that court any objections to its acceptance are to be made to the court; and the court may make any order in the premises necessary to protect the parties, as was held in *Lathrop* v. *Hitchcock*, 38 Vt. 497; but its order accepting the award or report, once made and unappealed from, is a final decree or judgment upon the dis-

puted claim in question, and is the basis of an action of debt on a judgment.

It was held in *Adams* v. *Campbell*, 4 Vt. 447, that the omission of the *debet* or *detinet* in the declaration in cases like this, was fatal on demurrer. For this cause this declaration is defective.

The judgment of the County Court was correct; but on motion the same is *pro forma* reversed, and the case remanded, with leave to amend on the usual terms.