NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—June, 1887.

MATTER OF SHARP.

*In the matter of the estate of* FIDA C. SHARP, *deceased.*

An executor or administrator cannot lawfully embark in trade the assets
of his decedent's estate, though, in so doing, he believes he is acting
for the best interests of the legatees or distributees, and the creditors.
Contracts made by him, in such behalf, will bind him personally, but
not the estate committed to his charge.

He is not, however, bound, as of course, at the death of his decedent, to
make immediate conversion into money of assets of the estate which
were employed in trade by the latter in his lifetime; but may, within
reasonable limits make purchases and incur liabilities, where such a
course is demanded by the best interests of the estate.

Testatrix, who, during several years before her death, was engaged in
business on her own account, by her will, bequeathed to her executor
such property as remained after payment of her debts and funeral and
testamentary expenses, in trust to apply so much of the income as
should be needed for the maintenance and education of her son until
he arrived at the age of twenty-five years; and directed her executor to
carry on some legitimate business for the benefit of such son.—

*Held*, that the will did not authorize the employment of the entire *corpus*
of the estate in continuing the business in which testator had been
engaged, but only the residue after payment of debts and the charges
mentioned, and that an application to be allowed to intervene upon the
settlement of the executor's account, made by one who had recovered
a judgment against the executor personally, for the value of goods
purchased by the executor and consumed in continuing such business,
should be denied.

DURING the progress of a reference of the account
and objections thereto, of the executors of decedent's
will, certain questions arose for the determination of
the court, the nature of which appears from the
opinion.

ALEXANDER V. CAMPBELL, *for executor.*

W. S. LOGAN, BURRILL, ZABRISKIE & BURRILL, *and* EDWARD P. WILDER, *for other parties.*

L. W. EMERSON, *special guardian.*

THE SURROGATE.—This decedent died in April, 1885, leaving a will by which she appointed her husband, Aurelius S. Sharp, as her executor. In March last he filed an account of his administration. Objections were interposed thereto by divers persons claiming an interest in the estate, and the issues thus raised were submitted to a referee. Pending the reference, certain questions have arisen upon which I am now asked to pass.

It appears that for several years prior to her death the testatrix was engaged in this city in the business of a tailor. This business her husband continued with the assets held by him as executor and in the name of "The estate of Fida C. Sharp." Between July 20th, 1885, and October 20th, of that year, he is alleged to have purchased on credit a quantity of merchandise from Niland Brothers & Lange and to have consumed the same in the conduct of the aforesaid business. The claim of the vendors having been thereafter assigned, Charles Littman, the assignee, brought an action thereon in the Supreme court, and recovered judgment against the executor personally in the sum of $570.81. Mr. Littman now asks leave to intervene as a creditor of the estate in the proceeding for the settlement of the executor's account. This application is opposed by certain of the parties to the proceeding, claiming to be creditors of the testatrix; and in behalf of one of such creditors I am

asked to direct the entry of an order striking from the account all items relating either to the receipt or to the disbursement of moneys in connection with the business carried on by the executor after the death of the testatrix.

*First.* Is Mr. Littman's claim to intervene entitled to recognition?

The doctrine seems to be well established, that, in general, an executor or administrator cannot lawfully embark in trade the assets of his decedent's estate, even though in adopting such a course he may verily believe that he is acting for the best interests of the legatees, or distributees and the creditors. He has, as a rule, no power to charge the assets in his hands by contracts originating with himself. Such contracts will bind him personally, but will not bind the estate committed to his keeping (Labouchere v. Tupper, 11 *Moore P. C.*, 189, 221; Stedman v. Fiedler, 20 *N. Y.*, 437, 446; Sumner v. Williams, 8 *Mass.*, 162, 199; Taylor v. Mygatt, 26 *Conn.*, 184; Clopton v. Cholson, 53 *Miss.*, 466; McKay v. Royal, 7 *Jones, N. C., Law*, 426; Fitzhugh v. Fitzhugh, 11 *Gratt.*, 300; Davis v. French, 20 *Me.*, 21; Wade v. Pope, 44 *Ala.*, 690; McFarlin v. Stinson, 66 *Ga.*, 396; Lovell v. Field, 5 *Vt.*, 218; Austin v. Munroe, 47 *N. Y.*, 360).

Said ALLEN, J., pronouncing the opinion of the Court of Appeals in the case last cited: "Contracts of executors, *although made in the interest and for the benefit of the estate* they represent, if made upon a new and independent consideration, as for services rendered, goods or property sold and delivered, or other consideration moving between the promisee and

the executors as promisors, are the personal contracts of the executors, and do not bind the estate, notwithstanding the services rendered or goods or property furnished, or other consideration moving from the promisee, are such that the executors could properly have paid for the same from the assets and been allowed for the expenditure in the settlement of their accounts. . . . The rule is too well established in this State to be questioned or disregarded, and any departure from it would be mischievous." This doctrine has since been reasserted in Morgan v. Stevens 6 *Abb. N. C.,* 356, 362); Bloodgood v. Sears (64 *Barb.,* 71, 76); Stanton v. King (8 *Hun,* 4); Murphy v. Hall (38 *Hun,* 529); Wetmore v. Porter (92 *N. Y.,* 76, 82); Barry v. Lambert (98 *N. Y.,* 300, 308).

It is claimed that the doctrine of the foregoing cases is inapplicable to the present situation because of the express testamentary directions of this decedent respecting the management of her estate. The provisions of her will are substantially as follows:

Article first directs the payment of funeral and testamentary expenses and of all just debts. By article second the testatrix bequeaths to her executor such property as shall remain " *after the payments made as above directed,*" in trust to apply the income thereof, or such part of such income as shall be needed, for the maintenance and education of her son, Henry A. Sharp, until he shall arrive at the age of twenty-five years. Says article fourth : " I direct that after my death some legitimate business shall be carried on by my executors for the benefit of my said son

Harry, and that my said husband shall be retained as the manager thereof, at a salary of $1,500 per annum."

It is clear that the provision last quoted cannot be treated as a direction for the employment of the *totum corpus* of the estate in the continuance of the business in which the testatrix was engaged at her decease. On the contrary, only that portion of the estate in excess of the sum necessary for the satisfaction of the debts and the funeral and testamentary expenses, is made applicable by the will to the purposes of the "legitimate business" which the executor is instructed to carry on for the benefit of Henry A. Sharp. No other portion of the estate stands charged with the debts which the executor has contracted since his wife's decease (*Ex parte* Garland, 10 *Ves.*, 110; *Ex parte* Richardson, 3 *Madd.*, 138; Thompson v. Andrews, 1 *M. & K.*, 116; McNeillie v. Acton, 4 *DeG. M. & G.*, 744; Lucht v. Behrens, 28 *Ohio St.*, 231, 238; Ferry v. Laible, 27 *N. J. Eq.*, 146; Cutbush v. Cutbush, 1 *Beav.*, 185)."

Said the Master of the Rolls, in the case last cited: "Without authority in the will executors have no right to deal with the property of the testator and carry on trade with his assets. A party therefore who relies on the credit of a testator's estate should look to the will to ascertain the extent to which the testator has authorized his assets to be embarked in the trade."

Mr. Littmann's application to intervene must therefore be denied.

*Second.* This case is not ripe for a decision of the motion to strike out of the account such items of debit

and credit as the executor has seen fit to insert concerning his conduct of the business above referred to. It is only after a hearing upon the objections interposed by the several parties in interest that a proper determination in this regard can be arrived at.

Even apart from any special authority conferred upon him by the will, the executor was not bound as of course at the death of the testatrix to make immediate conversion into money of the assets of the estate which were then involved in trade. He was at liberty, within reasonable limits, to make purchases and to incur liabilities, if, under the circumstances then existing, that course seemed to be demanded by the best interests of the estate. Whether he exceeded these reasonable limits can only be ascertained after investigation.

I think it proper to declare, however, for the guidance of the referee, that the decision of the Supreme court in the Second Department, in the suit of Willis and others against this executor, is not to be regarded in the present proceeding as controlling the question now under consideration, except so far as it has established the rights of the plaintiffs in that action to share in the assets of this estate. The complaint of those plaintiffs alleged that the defendant had been engaged in business under authority conferred by his decedent's will; that merchandise, useful and necessary for the purposes of such business, had been by them sold and delivered to the defendant as decedent's executor; that this estate had enjoyed the full benefit of the merchandise so purchased; that payment therefor could not be recovered of the de-

fendant for the reason that he was pecuniarily irresponsible, but that the estate in his charge was solvent.

The matter came before the Supreme court on demurrer, so that all the above allegations were taken as true. In the opinion of the court at General Term it is declared that the action not being an action at law to charge the executor upon contract, but a suit in equity to charge an estate which had received the benefit of the goods for which the plaintiffs claimed compensation, the demurrer should be overruled.

Now, if the actual condition of this estate.is shown by the account, it differs esentially from its condition as set forth in the complaint in Willis v. Sharp. The judgment recovered by the plaintiffs in that action affords, therefore, no criterion for testing the validity of claims similar to the one there sued upon, or the propriety of allowing the executor credit for the purchases for which credit is claimed in his account.

Let the trial before the referee proceed.