## GOODRICH AND OTHERS *vs.* STANLEY.

On the hearing of a remonstrance against the acceptance of the report of a committee in chancery, the court will not entertain the enquiry, whether the committee has mistaken the weight of the evidence before them.

On such hearing, it appeared that testimony, offered by the plaintiff, on the trial before the committee, was objected to by the defendant, and received, subject to the objection, but was excluded from the consideration of the committee in making up their finding. Held, that the course, taken by the committee, constituted no valid objection against the acceptance of such report.

An acceptance, in discharge of a debt, of an agreement with mutual promises, on which the creditor has a legal remedy for its non-performance, is a satisfaction of the debt, although such promises are not performed.

To constitute a defence to the original debt, there must be valid agreement to accept the agreement itself, and not the performance of it, as a satisfaction of the debt, thereby substituting a new cause of action, in place of the old.

Where it is claimed that an agreement, with promises on the one side to pay, and on the other to accept payment of an obligation, in a mode other than according to its tenor, is a satisfaction or extinguishment of such obligation, it should explicitly appear that such was the intention of the parties.

Where the payee of a negotiable promissory note, both before and after its transfer, promised the maker that, if the latter would continue to labor for him, he would apply the amount of such labor, in payment of the note; that in consideration thereof, the maker promised to continue so to labor until the note should be fully paid, and the payee agreed to accept the labor in satisfaction of the note; it was held, that this was only an agreement, on the part of the payee, to accept the labor of the maker, and not an agreement to accept merely his promise to render it, in satisfaction of such note.

Where the payee, for a valuable consideration, assigned such note when over due, but the labor agreed to be performed in satisfaction of it, had not been rendered at the time of the assignment; it was further held, that said agreement to labor, not only constituted no satisfaction of the note, but was merely an unexecuted accord, and therefore imposed no legal duty upon the maker, prior to the assignment, or consequently upon the assignee, afterward to accept such labor, even if it had been tendered.

THE decree of the superior court, in the above entitled cause, having been reversed by this court, see 23 Conn. R., 79, the action was again entered in the superior court, and the former committee re-appointed, to find such facts raised by the pleadings, as were not explicitly found in said former report, and to correct any error, or deficiency, in the former finding. At an adjourned term of said superior court, holden in June, 1855, said committee returned a supplemental report, which was substantially as follows:

Instead of the sum, heretofore reported as due on the note in suit, on the 27th day of September, 1853, there was due thereon, after deducting endorsements, seven hundred and thirty-four dollars and sixty cents.

After the execution of the note in suit, and of the mortgage, and before the transfer thereof to Stanley, as well as afterward, Booth promised Goodrich, that if he would promise to continue to labor for him, in payment of said note, he would apply the amount of such labor in payment thereof.

And said Goodrich, in consideration of said promise of said Booth, did promise to continue so to labor for him, until said note should be fully paid ; and in pursuance of such promise, he did continue to labor for said Booth; and also that said promises were mutual, the one having been made in consideration of the other; and said Booth did agree to accept said labor in satisfaction of said note.

The sums of forty-two dollars and fifty-five cents, and of sixty-one dollars and sixty-one cents, found in said report, (heretofore made.) to be due from Booth to Goodrich, on book, for work and labor done and performed, and for manufactured articles delivered, at the time when notice was given to Goodrich of the transfer of said note, by Booth to Stanley, and amounting in the whole to the sum of one hundred and four dollars and sixteen cents, were included in, and constituted a part of, the endorsements on the note in suit.

And whereas it was found in the former report, that the note in suit was endorsed by Samuel Booth, the committee now find that it was assigned as follows :

" For a valuable consideration received of Ira Stanley, Jr., I hereby assign to him the within note, and the mortgage by which the same is secured."

Against the acceptance of this report, the defendants remonstrated.    On the hearing of the remonstrance, the defendants offered testimony to prove, that there was no evidence before the committee to warrant the finding, in the additional report, relating to the ($104.16.)    The court rejected the evidence, on the ground that the enquiry of fact had been referred to the committee, but stated that if the committee wished to amend his report, to correct a mistake, he would be at liberty to do so.    In relation to certain testimony, concerning notice being given to Goodrich at the time of the transfer, which was objected to by him, the court found that such testimony was admitted, subject to objection, and that afterward, in the progress of the trial, other evidence, and such as was satisfactory to the commit-

tee and not objectionable, was introduced to prove the fact of notice of the assignment to the defendant, Goodrich, and that the testimony objected to was not used by the auditor in deciding the case, but the testimony was not formally ruled out. The defendants objected to the testimony of the committee by which the foregoing facts were proved, but the objection was overruled.

The court further found that evidence offered to prove that the note for $287.29 was executed at a later period than the date of the assignment, was admissible before the committee, and that it was proper for said committee to receive and consider the same.

And as to the parol agreement between Goodrich and Booth, respecting the labor and services of Goodrich, as set forth in said first report, the court found that the same as between them, and without any notice thereof by the plaintiff, as found by the committee, was not legally admissible to affect the interests of the plaintiff, except so far as relates to the said sums of $42.55 and $61.61, which accrued as found in said report, prior to the time when said Goodrich received notice of said transfer of said note to said Stanley, and which sums are included in the endorsements on said note.

And as to said agreement, as found in said second report, between said Booth and Goodrich, as to payment of said note in work and labor, the court found that such agreement was by parol, but that, upon the pleadings and the facts found, the same was not sufficient to prevent the passing, in this case, of a decree in favor of said Stanley.

But said parol evidence was admissible, so far as it affects the interests of the estate of said Booth.

And as to a claim of the defendants, to set off against the claim of the plaintiff, the value and amount of his labor and services, as set forth in said report, the court was of opinion that the same could not be sustained.

The court thereupon found all the facts, embraced in the additional report, to be true, and all the facts in the first

report to be true, except as modified by the second report, and that, on the 27th day of September, 1853, there was due, of said mortgage note, the sum of seven hundred and thirty-four dollars and sixty-six cents, and passed a decree foreclosing the defendants severally of their equity of redemption in the mortgaged premises, on their failure to pay said sum, within the times respectively limited therein for their payment thereof.

To revise this decision, the defendants brought the record before this court for revision, by motion in error.

Of the numerous assignments of error, only the following need be here stated :

"TWELFTH :   That said court erred, in finding, upon said second report of said committee, that on the 27th day of September, A. D. 1853, there was due on said note, after deducting endorsements, the sum of $734.66, inasmuch as said cause was recommitted to said committee merely for the purpose of finding such facts raised by the pleadings, as were not explicitly found by the former report, and to correct any error or deficiency in the former finding, and said committee explicitly found in said first report, that a much less sum was due on said note, and the fact, as to the amount due on said note, was explicitly found in said first report, without any error or deficiency in the finding, and therefore the said committee had no jurisdiction or authority to find, in said second report, the said amount, viz : $734.66 as aforesaid.

THIRTEENTH :   That said court erred in passing said decree, inasmuch as said agreement, respecting the payment of said note in work and labor, as found by said committee in said second report, and by said court found to be true, was a full accord and satisfaction of said note, and a complete bar to any recovery on said note, either in the hands of said Booth, or of said Stanley, and a full bar to any relief in this cause, and said court should therefore have dismissed said bill.

FOURTEENTH : That said court erred in accepting said report of said committee, and overruling said remonstrance, inasmuch as it appears upon the record, that said committee admitted improper evidence, to prove the notice of the assignment of said note and mortgage by said Booth to said Stanley, and other improper evidence, although the same was objected to by the defendants.

FIFTEENTH : That said court erred in refusing to admit the evidence offered by the defendants, to prove the facts stated in said remonstrance, and in admitting the evidence offered by the plaintiff in respect to the same, and in therefore accepting said report, finding the facts in said remonstrance untrue, except as therein found to be true, and overruling the same, and passing said decree."

*Welles* and *Fellowes* in support of the motion.

*T. C.* and *C. E. Perkins* against the motion.

STORRS, J. The first and last assignments of error in this case are so general, that they cannot here be noticed under our rule, in relation to assignments of errors on proceedings in error, which requires that the precise matters of error, or defects in the proceedings in the court below, relied on as grounds of reversal, shall be set forth. Rules of Prac., Ch. 13. 18 Conn. R., 572.

The assignments of error, from the second to the eleventh inclusive, only present questions which were decided by us on the writ of error, brought on the first decree rendered in this case. 23 Conn. R., 79. We see no reason for disturbing any of those decisions, and a further notice of those exceptions is therefore unnecessary.

There is no semblance of foundation for the claim set up in the twelfth assignment of errors, that the committee exceeded its powers on the second hearing, in finding a different sum to be due on the note, for which the mortgage

was given, from that which was found due on the first, and it has not been seriously insisted on. It was only a correction of an error in their first report, which they were expressly authorized to make.

The superior court, on the hearing of the remonstrance to the additional report of the committee, properly excluded the testimony, offered by the defendants, to prove that the evidence before the committee was not sufficient to warrant their finding the particular fact mentioned in the remonstrance. It is well settled that the court will not entertain the enquiry, whether a committee in chancery has mistaken the weight of the evidence before them. Their report, in this respect, stands on the same ground as a finding of facts by the court itself, or a report of auditors in an action of book debt. The former is obviously conclusive, and, as to the latter, we have decided, at the present term, in *Colegrove* v. *Rockwell*, (*ante* p. 584) that the enquiry, whether it is founded on sufficient evidence, should not be entertained.

The exception taken to the competency of the committee as witnesses to prove the circumstances under which the testimony was received by them, to show notice of the assignment to Goodrich, has not been pressed before us, and is plainly unfounded.

This disposes of the fifteenth assignment of errors.

The superior court finds that the testimony last mentioned was objected to by the defendants, but received by the committee, subject to objection, and that it was excluded from the consideration of the committee in making their finding, although it was not formally ruled out. As it appears, therefore, that it was ultimately excluded, it stands on the same ground as if it had been excluded in the first instance. The defendants could suffer no possible injury by its introduction under these circumstances, and on this point there is no just ground of complaint under the fourteenth assignment of errors.

The thirteenth is the only exception to this decree which

remains to be examined. It is founded on the finding of facts by the committee in their additional report, and sets up that the agreement as therein found, respecting the payment in work and labor, of the note, on which the mortgage, sought to be foreclosed in this case, was given, constituted a full accord and satisfaction of said note, and therefore a complete defence to it against either Booth or Stanley. The validity of this exception depends on the true import of the finding as to the terms of that agreement.

The defendants claim that it is found that, after the note became due, and before its transfer to the plaintiff, there was a mutual agreement between Booth and Goodrich, in which the latter promised that he would continue to labor for the former, until the amount due on the note should be fully paid by such labor, and the former promised that he would accept said labor and apply it in satisfaction of the note ; that it was then further agreed between them, that the promise of Goodrich should be accepted by Booth in satisfaction of the note, and that it was so accepted ; and the defendants insist that this substitution of the promise of Goodrich for the note was an extinguishment, by way of accord and satisfaction, of such note, and therefore constituted a valid defence to it against Booth, and consequently against the plaintiff, his assignee. If Booth accepted, in satisfaction of the note, the promise of Goodrich to pay the amount due upon it in his labor, and did not merely agree to accept such labor, when it should be performed, in satisfaction of it, and that was a valid promise, on which, upon its non-performance, an action would lie in favor of Booth, the authorities appear to be decisive to show that such acceptance would be an executed accord, which would be a satisfaction and extinguishment of the note. The principle is laid down in Com. Dig. "Accord," (B. 4,) on the authority of *Case* v. *Barber*, T. Raym., 450, S. C. T. Jones, 158, that "an accord with mutual promises to perform is good, though they be not performed at the time of action ;

for the party has a remedy to compel the performance; but the remedy ought to be such that the party might have taken it upon the mutual promise at the time of the agreement;" the meaning of which is, that an acceptance, in satisfaction of a debt, of an accord or agreement, with mutual promises to perform, on which the party has a legal remedy for its non-performance, is a good satisfaction of such debt, although such promises are not performed. And this principle has been repeatedly and fully sanctioned by modern cases. *Good* v. *Cheesman*, 2 B. & Adol., 328. 1 Smith's Leading Cases, 150. *Evans* v. *Powis*, 1 Wels. Hurls. & Gor., 601. In order that such an accord should be a defence to the original debt, it is necessary, in the language of Parke B. in the case last cited, that the plaintiff should have "agreed to accept the agreement itself, and not the performance of it, as a satisfaction for his debt, so that if it was not performed, his only remedy would be by an action for the breach of it, and not a right to recur to the original debt." There must be a valid agreement substituting a new cause of action in place of the old. It is not sufficient that there is a mere accord between the same parties, with mutual promises, but there must be a new agreement with a new consideration. Although this doctrine, well established in the English cases, appears to have been regarded with disfavor by some of the courts in this country, we do not perceive why, on principle, an acceptance of a new and valid promise, which can be enforced in substitution of an existing claim, should not be held to be as effectual a satisfaction and extinguishment of such claim as the acceptance of any other thing. But, according to the view which we take of the finding in this case, it is not necessary to pursue this particular point further, or to examine the question which is, in this case, connected with it, and which might be attended with more difficulty than the main doctrine itself, namely, whether the promise of Goodrich, if the agreement between him and Booth were such as is claimed by the

defendants, was one which was founded on a valid consideration, and on which, therefore, Booth could have maintained an action for its non-performance. For we are of opinion that, on the finding in this case, the agreement between Booth and Goodrich was, as claimed by the plaintiff, only that the former would accept the labor of the latter, and not merely his promise to render it, in satisfaction of the note held by the former, and that, therefore, as such labor had not been performed and accepted by Booth, when the note was assigned to the plaintiff, such agreement was then only an unexecuted accord, which by the familiar principles applicable to the doctrine of accord and satisfaction, not only constituted no satisfaction of the note, but imposed no legal duty either on Booth prior to the assignment, or on the plaintiff afterward, to accept of such labor, even if it had been tendered. 5 Coke, 79. 1 Stran., 573. 2 Pars. on Con. and cases cited, p. 198.

Notwithstanding the ingenious turn which has been given by the defendants' counsel to the finding of the committee, we think that the only construction, of which it is fairly susceptible, is, that there was a mutual agreement between Booth and Goodrich that the latter should perform labor, and the former receive such labor, in payment of the note. It was only an agreement that the note might be paid in that particular manner. Booth did not agree to rely on the mere promise of Goodrich to perform that labor, but on the performance of the promise. There were indeed mutual promises of the parties, and the promise of one was the consideration, or inducement, of the other; but on looking at the character and terms of the agreement, we find that the promise of one was to pay the note in labor, and that of the other was to accept in payment of it, not such promise, but such labor. It is like the ordinary case, where parties agree that an obligation shall be paid in a particular mode other than according to its terms, in which there are, of course, mutual engagements, on the one side to pay, and on the

other to accept payment, in that mode, but the promise so to pay is not understood to be in itself, and independent of its performance, a payment or satisfaction of such obligation; and in that case, the mere circumstance, that there was an agreement with mutual promises, does not have the effect of extinguishing the obligation. Where it is claimed that it is so extinguished, it ought most explicitly to appear that such was the intention of the parties. In this case the committee do not find expressly, nor even by reasonable implication, that the promise of Goodrich was agreed to be received in satisfaction of the claim of Booth on the note; but, on the contrary, as if to exclude that idea, they find only that the former promised to continue to labor for the latter until the note should be fully paid, and that the latter promised to apply such labor in payment of it. This implies that it was understood, that the note should remain a subsisting debt until the labor should be performed, and that only then it should be extinguished by the application upon it of the labor. And, as if further to place the meaning of the committee beyond all doubt, as to whether the promise of Goodrich, or his labor, was agreed to be accepted in satisfaction of the note, they find that "said Booth did agree to accept said labor in satisfaction of said note." (See *Bates* v. *Starr*, 2 Verm. R., 536.)

Such being the agreement between the original parties to this note, the plaintiff took the assignment of it, subject only to what had been previously paid and received upon it in the services of Goodrich, (and which, in conformity with our decison in this case, when it was formerly before us, has been applied on it,) and with the right to require the balance due on it in money, according to its terms. The decree in this respect, being made on this principle, is correct.

The judgment complained of is therefore affirmed.

In this opinion, the other judges, HINMAN and ELLS-WORTH, concurred.

Judgment affirmed.