## WAY, Trustee, *v.* RUSSELL.

*(Circuit Court, S. D. New York. December 9, 1887.)*

ACCORD AND SATISFACTION—AGREEMENT FOR—SATISFACTION.

> W., who was the trustee of his father's estate, finding that one R., who was in debt to the estate on a note for $1,000, held a note of his brother for $7,500, "agreed to accept" the $7.500 "in payment of" the $1,000 note. The $7,500 note was supposed to be at hand, but it could not be found at the time. The agreement was oral, and no memorandum was ever made on the subject. R. subsequently found the $7,500 note, but never tendered it to W. until W. brought suit on the $1,000 note, when he produced it in court. *Held,* that the agreement was an accord, but without satisfaction, the contract being not to accept the agreement itself, rather than the performance of it, as a satisfaction of the $1,000 note, nor an agreement to the effect that the respective notes were immediately transferred from one owner to the other.

At Law.

Action by John T. Way, as trustee of the will of Thomas P. Way; against defendant, Charles T. Russell, on a note for $1,000, payable to the order of the executor of the will of said Thomas P. Way.

*M. A. Kursheedt,* for plaintiff.

*Granville P. Hawes,* for defendant.

SHIPMAN, J. This action at law was tried by the court, the parties having entered into and signed a written stipulation waiving a trial by jury.

The facts which were proved and which are found to be true are as follows: The action was brought to recover the amount due upon a note, dated February 20, 1874, which was signed and executed by the defendant for value received, whereby he promised to pay, on demand, to the order of J. Smith Rice, as executor of the last will of Thomas P. Way, deceased, the sum of $1,000, with interest at 7 per cent. per annum, payable semi-annually. On or about July 16, 1879, the plaintiff was duly appointed trustee, under said will and testament, in the place and stead of said Rice, and thereafter received, among the other assets

of said estate, the said note, upon which interest had been theretofore paid, and was thereafter paid to February 20, 1882. Said note has not been paid, and is still in the possession of the plaintiff. On or about the ——— day of August, 1883, one George E. Way, a brother of the plaintiff, and one of the heirs of Thomas P. Way, executed and delivered to the defendant his, the said George E. Way's, promissory note, for the sum of $7,500, payable on demand, to the order of the defendant, for value received, with interest, which note has never been paid, but is still due. In the months of September, October, and November, 1884, the plaintiff and defendant had interviews in Liverpool, England, upon the subject of the said two notes. The plaintiff had been summoned to England by a cable message from said George E. Way, asking for relief. He was then in distressed circumstances in London, and had been assisted by the defendant. At this time, the plaintiff verbally agreed that he would accept said note of $7,500 of said George E. Way as payment in full of said $1,000 note now in suit. The $7,500 note was then supposed to be in Liverpool, but it could not be found. In September, 1886, the defendant found the note among his papers at his house in this country. It was not tendered to the plaintiff before trial, and it has never been delivered to or accepted by him. The parties have stipulated that it was produced, and tendered in court. No written agreement or memorandum was ever made on the subject.

The burden of proof to establish the fact that said agreement or accord was made is upon the defendant, and I have found the fact upon his testimony, notwithstanding the testimony of the plaintiff. The interviews were of a character and accompanied with circumstances which would naturally make a clear impression upon the defendant. His testimony is distinct, and the story is a probable one. The interview in regard to which the plaintiff testified was not probably the Liverpool interview; for he called upon the defendant for interest, and was shown the $7,500 note. The general denial that he ever agreed to accept his brother's note in payment of the note in suit does not lead me to doubt the fact that such an agreement was made.

The remaining question is that of law upon the foregoing, which are all the facts in the case. The agreement is pleaded as an accord and satisfaction. It is not claimed that an accord executory, without an accepted performance of the agreement, is a bar to the suit; but it is claimed that the agreement was a mutual one to cancel the note, the effect of which was that each was thereupon canceled. It is not denied that such an agreement could be made, and that if, by its terms, it was to take immediate effect and was not to be executory, the result which the defendant claims would be accomplished, or an agreement could have been made by which the $1,000 note was paid by the promise of the defendant to deliver to the plaintiff the $7,500 note. But the agreement, as testified to by the defendant, was that the plaintiff "agreed to accept" the $7,500 note "in payment of" the note in suit. He further says: "The plaintiff agreed to accept the said note of George E. Way as payment in full of said note of myself." This agreement was

executory,—that the plaintiff would thereafter receive the note of his brother in lieu of the note in suit. Meantime, and until the accord was performed and accepted, the $1,000 note was not discharged. It was not apparently agreed that the $7,500 note was canceled, but it was to be taken by the plaintiff, and to become his property. The agreement was not to accept the agreement itself rather than the performance of it, as a satisfaction of the $1,000 note, neither was it an agreement that the respective notes were immediately transferred from one owner to the other. It was an accord, which is "an agreement, in the case of contracts, where the creditor agrees to accept some other thing in lieu of that which is contracted or promised to be done." 1 Swift's Dig. 499. The authorities upon the subject of accord without satisfaction are numerous and well known, and are uniform that the answer or defense is no bar to the suit. *Goodrich* v. *Stanley*, 24 Conn. 613; *Kromer* v. *Heim*, 75 N. Y. 574.

Let judgment be entered for the plaintiff, **as of** October 19, 1887, for $1,396, and costs.