JONAS F. BROWN *vs.* SUMNER W. FARNHAM.

Argued Dec. 21, 1891. Decided Feb. 3, 1892.

Composition Deed, its Effect.—A composition deed, executed by a debtor and his creditors in due form, operates as a settlement of the original claims of such creditors, and supersedes the cause of action thereon. The rights and remedies of the parties are thereafter determined by the new agreement. Each creditor has the undertaking of the other creditors as a consideration for his own undertaking, and all parties to the deed are mutually bound.

Appeal by plaintiff, Jonas F. Brown, from a judgment of the district court of Hennepin county, *Pond,* J., entered January 2, 1891, dismissing the action on the merits, with costs.

The action was brought against Sumner W. Farnham, surviving partner of the firm of Farnham & Lovejoy, to recover the contents of a promissory note for $12,000 given plaintiff by that firm. The answer stated that on June 1, 1888, said Farnham and the executors of the will of Lovejoy, then deceased, entered into a contract

with the creditors of the firm, including plaintiff, whereby they agreed to assign and set over to a trustee the firm property, to be sold and the proceeds paid *pro rata* upon the firm debts, and the creditors, including plaintiff, agreed to accept the conveyance and proceeds in full of their demands, and to release defendant and said firm from all firm indebtedness. The answer further stated that he and the executors and the trustee had performed this agreement on their part, and that the note was thereby satisfied.

The plaintiff for reply admitted the execution and delivery of the agreement stated in the answer, but denied that defendant had performed it. The issues were brought to trial, December 15, 1890. The court upon the pleadings ordered judgment for defendant upon the merits, holding that the deed of composition superseded the note, and that plaintiff's remedy, if any, was upon that, and not upon the note. Judgment having been entered in conformity with the order, the plaintiff appealed.

*Geo. R. Robinson,* for appellant.

*Jackson & Atwater,* for respondent.

VANDERBURGH, J. The mutual agreement, under seal, entered into by the defendant with his creditors, including the plaintiff, which is set forth in the record, and under which he agreed to surrender and transfer certain property to the trustee therein named, to be disposed of and divided among such creditors in satisfaction and discharge of their claims, is a valid composition deed, and a bar to this action. The cause of action on the note sued on is superseded by the new agreement, and the plaintiff's rights and remedies must be determined by it. The reason of this is apparent. The composition deed is an agreement between the creditors and the defendant, which involves rights and interests common to all the creditors who join in it. It is an agreement that each shall receive the amount or consideration stipulated for, and nothing more, as the basis of the debtor's discharge from the debts due to such creditors. Each creditor must be presumed to act on the faith of the engagement of the others, and the beneficial consideration to each is the obligation of the rest to forbear; and the debtor secures to them a common fund for the benefit of all, so that all are mutually

bound; and there is a consideration as between themselves, of which the debtor is also entitled to avail himself. *White* v. *Kuntz*, 107 N. Y. 518, (14 N. E. Rep. 423,) and cases; *Perkins* v. *Lockwood*, 100 Mass. 249; *Good* v. *Cheesman*, 2 Barn. & Adol. 328; *Goodrich* v. *Stanley*, 24 Conn. 613, 621.

Judgment affirmed.

(Opinion published 51 N. W. Rep. 377.)