(Opinion published 56 N. W. Rep. 351.)

---

JONAS F. BROWN *vs.* SUMNER W. FARNHAM *et al.*

55  27
58  500

55  27
62  469

Argued July 10, 1893. Reversed Sept. 15, 1893.

No. 8230.

**Contracts by Executors.**

The general rule is that an executor cannot, by virtue of his general powers as such, make any new contract which will bind the estate, though in form made in his representative capacity. The only effect is to bind himself personally, and it is immaterial how he describes himself.

**Same—If Authorized by the Will or Otherwise.**

Otherwise if the thing promised by an executor is such as he is lawfully authorized or it is his duty to do.

Parties to Action upon a Composition Agreement.
    In an action upon a composition agreement, any creditor being a party
thereto may bring a several action for his damages for the breach thereof.

Former Appeal Explained.
    Brown v. Farnham, 48 Minn. 317, commented on and explained.

Appeal by plaintiff, James F. Brown, from an order of the Dis-
trict Court of Hennepin County, *Henry G. Hicks*, J., made March
20, 1893, sustaining a demurrer to his complaint.

The complaint stated that on January 26, 1886, defendant Sum-
ner W. Farnham and James A. Lovejoy were partners in business
in Minneapolis under the firm name of Farnham & Lovejoy; that
the firm then owed plaintiff $12,000; that on that day Lovejoy
died testate, and that defendants Winthrop Young, O. C. Mer-
riam and Jeremiah J. Howe, were named executors of his will.
On March 12, 1886, the will was proved in the Probate Court of
Hennepin County, and letters testamentary were issued to the
three; they accepted, qualified and proceeded to execute the will;
the surviving partner and these executors continued and carried
on the partnership business under the old firm name. On October
8, 1887, Farnham and the executors made and delivered to plain-
tiff a promissory note for the $12,000 signed with the old firm
name of Farnham & Lovejoy, whereby they promised to pay him
three months thereafter said sum with interest until paid at the
rate of ten per cent. a year. On June 1, 1888, the old firm was
indebted to various parties severally, including plaintiff, in the
aggregate sum of $58,583.86, all past due and unsecured. On that
day the surviving partner and the executors as party of the first
part entered into a composition deed or contract under seal with
plaintiff and the other creditors naming them as party of the
second part, stating the debt due to each severally and contain-
ing a schedule of the partnership property, both real and per-
sonal, with the appraised value of each piece and item thereof,
aggregating $84,024.65, and agreeing to grant, assign and set over
within thirty days thereafter all said property unto Will L. Wolford
therein named as party of the third part, to have and to hold it in
trust for the creditors. He was to execute a declaration of trust
and was to sell and convert the property into money and pay the
proceeds *pro rata* to the creditors with all convenient speed. In

consideration thereof the plaintiff and the other creditors severally thereby agreed to and with the parties of the first part and with each other that they would and thereby did release and forever discharge the firm of Farnham & Lovejoy, and each and all the members of the parties of the first part of and from all the indebtedness therein mentioned, and to accept the conveyance in full satisfaction. Wolford also executed the instrument with the others, thereby agreeing to accept and execute the trust.

The complaint further stated that the plaintiff and each of the creditors performed this contract on his part and that Wolford was ready and willing to perform on his part, but that Farnham and the three executors, although often requested, had not conveyed or offered to convey, assign or transfer the property to Wolford, that they had never owned the property and had never been able to convey or transfer any of it, but had refused and had allowed it to be lost, to the damage of plaintiff $12,000 and interest, for which sum and interest he demanded judgment. A copy of this tripartite contract was attached to and made part of the complaint.

The defendants demurred on the ground that all the creditors should have been joined as plaintiffs and that the complaint did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrers. Plaintiff appeals. He brought a prior action on his note, but was defeated on the ground that it was superseded by the composition deed. *Brown* v. *Farnham*, 48 Minn. 317.

*Little & Nunn*, for appellant.

Each creditor is interested in this composition agreement to the extent of his particular claim. The damages sustained by each creditor from non-performance are separate and distinct from those sustained by any other creditor. One creditor has no right or interest in the claim of any other creditor. The legal interest of the several creditors in the composition deed, in the subject of the action, in the cause of action, and in the relief sought, is several and they should sue separately. *Goodnight* v. *Goar*, 30 Ind. 418; *Finney* v. *Brandt*, 19 Mo. 42; *Weeks* v. *Love*, 50 N. Y. 568; *Dunham*

v. *Gillis*, 8 Mass. 461; *Pratt* v. *Pratt*, 22 Minn. 148; *Power* v. *Hathaway*, 43 Barb. 214; *Best* v. *Sinz*, 73 Wis. 243; *McNeil* v. *Masterson*, 79 Tex. 670; *Webber* v. *Randall*, 89 Mich. 531; *Harvey* v. *Van Patten*, 87 Iowa ——; *State* v. *Hesselmeyer*, 34 Mo. 76; *Governor* v. *Webb*, 12 Ga. 189.

The action is not brought against defendants as executors. There is nothing in the complaint to indicate that the contract was made by them as executors. Nor would they have any right or authority as executors to enter into such a contract. They call themselves executors in the contract, but this is simply *descriptio personam*. They make no covenants as executors. But it could in no manner affect the plaintiff's rights had they contracted as executors on behalf of the estate. It is a rule of law, except where changed by statute, that executors are personally liable on their contract, creating obligations after the death of the testator, in all cases except where it is expressly agreed and stipulated in the contract that they shall not be personally liable thereon. If they are not liable, then no one is liable. A party contracting with executors has no claim or right against the estate, but must rely wholly upon the personal liability of the executors. Executors are not agents, nor have the rules of agency any application to executors. They have no principal. Executors and administrators, who have no principal and can have none, are personally bound by their contracts to third parties, even though they assume to contract in their official capacity. *Fitzhugh* v. *Fitzhugh*, 11 Gratt. 210; *Davis* v. *French*, 20 Me. 21; *White* v. *Thompson*, 79 Me. 207; *McFarlin* v. *Stinson*, 56 Ga. 396; *Merchant's Nat. Bank* v. *Weeks*, 53 Vt. 115; *Clopton* v. *Gholson*, 53 Miss. 466; *Studebaker Bros. M'fg Co.* v. *Montgomery*, 74 Mo. 101; *Kessler* v. *Hall*, 64 N. C. 60; *Kerchner* v. *McRae*, 80 N. C. 219; *Long* v. *Rodman*, 58 Ind. 58; *Moody* v. *Shaw*, 85 Ind. 88; *Bott* v. *Barr*, 95 Ind. 243; *Power* v. *Douglass*, 53 Vt. 471; *Austin* v. *Monroe*, 47 N. Y. 360; *Schmittler* v. *Simon*, 101 N. Y. 554; *Kingman* v. *Soule*, 132 Mass. 285; *Foster* v. *Young*, 35 Iowa 27; *Holyoke* v. *Clark*, 54 N. H. 578.

The defendants place great reliance upon the case of *Hayes* v. *Crane*, 48 Minn. 39. While there are expressions used in the opin-

ion in that case which were unnecessary for the determination of the case and apparently in conflict with many well considered cases, it can in no wise affect the case at bar.

*Jackson & Atwater,* for respondents.

All the creditors who joined in this agreement are necessary parties to an action to determine whether the parties of the first part have made default, and if so, what damages are to be assessed for their default. This conclusion follows, both from the form of the agreement, from the fact that the consideration is joint, from the essential nature of all the provisions as implying a joint contract, and also from the practical difficulties which lie in the way of allowing one creditor to sue alone for a breach of defendants' agreement.

It does not seem possible that defendants can be subject to the recovery of more than one amount of damages for the breach of an agreement like this. They have made but one promise to convey certain property, and the amount of damages they incur if they fail to perform is the value of the property to be divided *pro rata* among the creditors. But if the creditors can sue separately, there may be as many different determinations of the amount of damages as there are different creditors. The case which is the most clearly analogous to the present one is that of *Porter* v. *Fletcher,* 25 Minn. 493; See also *McLeod* v. *Snyder,* 110 Mo. 298; *Gallatin & N. Turnpike Co.* v. *Fry,* 88 Tenn. 296; *Waln* v. *Cuthbert,* 54 N. J. Law 1; *Hill* v. *Lewis,* 45 Kan. 162; *Searles* v. *Reed,* 63 Mich. 485.

The ground of demurrer which is special to Howe, Young and Merriam is, that the complaint does not state a cause of action against them, because it sets up a contract made with them as executors and they are sued as individuals. It is apparent that upon this complaint a judgment could not be rendered against them in their representative capacity, and if the contract was made by them in that character, the complaint is necessarily defective. On this point the appeal seems to us to be determined by the decision in *Hayes* v. *Crane,* 48 Minn. 39; *Whitney* v. *Pinney,* 51 Minn. 146.

The plaintiff claims that the executors of Lovejoy had no authority to enter into such a contract as this in their representative

capacity.    But there is no allegation of that fact in the complaint, and it assuredly is not a presumption of law.' An executor has not only such general powers as are vested in his office by statute and common law, but also the special powers that may be given to him by the will of his testator.    Until we know the provisions of the will, it is impossible for the court to say that the contract is unauthorized.    It is not unusual for a will to give executors adequate powers to enter into such a contract as this, and when given they are valid.    *Willis* v. *Sharp*, 113 N. Y. 586; 2 Bates Partnership, ch. 2.

And in truth, in view of the prior litigation in this court, we can hardly shut our eyes to the fact that Lovejoy's will did contain full powers on this subject.    *Brown* v. *Morrill*, 45 Minn. 483.

Plaintiff cites a number of authorities to show that every contract by an administrator or executor is his personal agreement. These cases are irrelevant here, because they treat only of acts done without special authority in the will.    Furthermore, it. is settled by the latest and best authorities that an executor or administrator, even without special authority, may in certain cases bind the estate by his contract.    *Fritz* v. *McGill*, 31 Minn. 536; *Parker* v. *Maxwell*, 45 Minn. 1; *Whitney* v. *Pinney*, 51 Minn. 146; *Wakeman* v. *Paulmier*, 39 N. J. Law 340; *De Valengin's Administrators* v. *Duffy*, 14 Pet. 282; *Reeve* v. *Cawley*, 17 N. J. Law, 415; *Stothoff* v. *Dunham*, 19 N. J. Law, 181; *Mossman* v. *Bender*, 80 Mo. 579; *Eagle* v. *Fox*, 28 Barb. 473.


VANDERBURGH, J.    This action is brought upon a composition agreement executed by defendant Farnham, surviving partner of the firm of Farnham & Lovejoy, and the executors of Lovejoy.    This agreement was before the court in the case of Brown v. Farnham, 48 Minn. 317, (51 N. W. Rep. 377.)    It is not, however, set out in the report of the case, and its terms are not specially referred to in the opinion, but it was considered, without much discussion, therein, that this instrument fell within the rule laid down in a class of cases to which belong *Good* v. *Cheesman*, 2 Barn. & Adol. 328; *Goodrich* v. *Stanley*, 24 Conn. 613; and *Billings* v. *Vanderbeck*, 23 Barb. 546,—where the agreement to discharge by the

creditors rests upon the agreement to perform by the debtors, in contradistinction from ordinary cases, in which the composition necessarily involves a settlement by payment of the amount stipulated, its validity being supported by the legal consideration imported by the mutual promises of the creditors. In all cases where the creditors agree with the debtor and with one another to take a less sum than the amount severally due them in discharge of all, or where the discharge is conditioned upon payment or performance, there is no discharge or bar to a suit upon the original debt, unless and until payment is made as required. If the agreement is performed, it is then a valid and final settlement of the debt. In the former class of cases, however, especially where the agreement is to transfer property to creditors in order to effect a settlement, the rule is that "an acceptance, in discharge of a debt, of an agreement, with mutual promises on which the creditor has a legal remedy for its nonperformance, is a satisfaction of the debt, although such promises are not performed." *Goodrich* v. *Stanley, supra;* Pars. Cont. pt. 12, ch. 3, § 4; 1 Smith, Lead. Cas. (6th Ed.) 444. It is competent for the parties to put their agreement in that form, and their intention, as gathered from its terms, must control.

In the case first mentioned, the attention of the court was more particularly directed to the matter of the consideration in the compromise deed, and the distinction above referred to was not emphasized, though the authorities were referred to.

In the case now before us, the agreement purports to be signed by Farnham, and by the executors of Lovejoy, "as executors," as parties of the first part, by several creditors, as parties of the second part, and by William L. Wolford, as party of the third part. The parties of the first part (defendants here) thereby agree to transfer certain specified real and personal property to Wolford, in trust for the benefit of the creditors named, within thirty days; and, in consideration thereof, the parties of the second part agree to and with the parties of the first part, and with each other, that they, and each of them, will and do thereby release and forever discharge said firm of Farnham & Lovejoy, and each of said firm, and said parties of the first part, of and from any and all of said indebtedness, and from any and all rights of action arising from any of said indebtedness, or the notes or other papers evi-

dencing the same, or any part thereof. And although, upon a careful construction of the whole agreement, there may be some doubt about the correctness of the conclusion, it was held that the discharge of the debts referred to depended upon the agreement, and not upon the subsequent performance thereof upon defendants' part; and the question does not arise here, because this action is brought upon the agreement upon the theory that the debts were so discharged, and it is so alleged in the complaint.

The complaint is objected to for defect of parties plaintiff, and by the defendants' executors for insufficiency. The plaintiff's contention is that, upon the face of the agreement, the executors are personally bound, and the complaint is drawn with the view to such relief. On the other hand, the executors insist that the liability against them upon the agreement as exhibited by the complaint is solely in their representative capacity.

We are of the opinion that the complaint does not show a liability against them in their representative capacity. The rule is well settled that an executor cannot, by virtue of his general powers as such, make any new contract for the testator. The only effect of such a contract is to bind himself personally, and it is immaterial how he describes himself, or that he assumes to execute it in his representative capacity. *Sumner* v. *Williams*, 8 Mass. 162; *Schmittler* v. *Simon*, 101 N. Y. 554, (5 N. E. Rep. 452;) *Pinney* v. *Johnson's Adm'rs*, 8 Wend. 500; *Austin* v. *Munro*, 47 N. Y. 366; *McFarlin* v. *Stinson*, 56 Ga. 396; *Patterson* v. *Craig*, 1 Baxt. 291.

The general rule is that, upon a promise made after the death of the testator, the executor is chargeable of his own goods; and in contracts for necessary matters relating to the estate he is personally liable, though he may limit his liability to the extent of the assets in his hands. So, if an executor renews a note of the testator, he is personally liable thereon, and must look to the estate for his indemnity if he pay the debt. *Yerger* v. *Foote*, 48 Miss. 62. And he is so liable upon a bond for a deed, though executed by him as executor. *Patterson* v. *Craig, supra.*

And in respect to an arbitration concerning matters affecting the estate, though there is some difference of opinion on the subject of the power of the executor to submit to arbitration disputed

.claims, Mr. Redfield says, (2 Redf. Wills, 294:) "If an executor ·stipulate generally to pay the amount of an award, he is liable ,personally."

It is a contract by an executor, and not by the testator, and is ·subject to the same rules which govern executors generally. *Powers* ·v. *Douglas*, 53 Vt. 473.

But if the thing promised by an executor is such as he is lawfully authorized or empowered to do, or if he contracts to do what he has a right or it is his duty to do in his official or repre- ·sentative capacity, then he is not personally bound. *Brown* v. *Evans*, 15 Kan. 92.

A surviving partner is entitled to settle the affairs of the part- ·nership on the decease of the other members, and is entitled to the ;possession and disposition of the assets for such purpose, and any real estate belonging to the partnership he is entitled to have so appropriated, and the equitable interest of the firm therein will pass ·to his assignee. *Hanson* v. *Metcalf*, 46 Minn. 28, (48 N. W. Rep. .441.)

If, then, the property, real and personal, described in the com- position agreement in this case, belonged to the firm of Farn- ham & Lovejoy, Farnham, as surviving partner, had a right to dis- pose of it in settling or compounding the debts of the firm, and would only be responsible to the heirs or representatives of Love- joy for a surplus or an abuse of his power over the estate; and if the title to the partnership real estate stood in the name of Lovejoy or of both partners, and the executors were lawfully em- powered to transfer the legal title to the property, or to make a ,settlement of this character, they might properly join with Farn- ham in a deed for such purpose in their representative capacity, and they would not be personally bound or liable. The execution of the deed would be merely ancillary to the action of Farnham in the discharge of his duty as surviving partner. But there is nothing in the complaint indicating that the property in question was partnership property, or that the executors had any authority, by will or otherwise, to make deeds or any such disposition of ;property. On the contrary, the complaint alleges that the defend- ,ants have never owned the property, and were never able to con- vey or assign the same.

There is nothing in the complaint from which the court would be warranted in holding that the contract is not the personal contract of the executors. It was not for the plaintiff to allege in the complaint that the executors did not possess other than general powers as executors, or what was· or was not contained in Lovejoy's will on the subject.

The composition agreement discloses on its face the amount of the claim of each creditor, and, though the creditors have a common interest in the fund, yet the interest of each is several, and the damages accruing to each are severable in case of a breach of the agreement. We are unable to see, therefore, why a separate action may not be maintained by one creditor in such case to recover his damages. The action follows the nature of the interest. *Emmeluth* v. *Home Benefit Association*, 122 N. Y. 134, (25 N. E. Rep. 234,) and cases cited.

We think there was no defect of parties plaintiff in this action.

Order reversed.

(Opinion published 56 N. W. Rep. 352.)