PAUL GROSS, Appellant, v. A. WALLEN, Appellee.

**ACCORD AND SATISFACTION:** Nature and Requisites—
Amount Confessedly Due—Payment—Effect. The acceptance of
a check for an amount confessedly due at that time manifestly
works no accord and satisfaction of subsequently accruing
claims.

*Appeal from Cherokee District Court.*—WILLIAM HUTCHIN-
SON, Judge.

JANUARY 11, 1918.

PLAINTIFF seeks to recover damages for breach of con-
tract. Verdict was directed against him, and he appeals.—
*Reversed and remanded.*

*Claud M. Smith,* for appellant.

*Guy M. Gillette, Guy J. Tomlinson* and *Lew McDonald,*
for appellee.

SALINGER, J.—I. The parties made written contract
on the 18th day of August, 1914. Thereunder, plaintiff
was to be paid $40 a month from April to November, both
inclusive, and $20 a month for the remaining four months
of the year, for performing "the work of the care of the
farm and stock in a workmanlike manner, to the best of
their ability and according to the instructions of the party
of the first part." The first party, the defendant, was to
allow the other the use of the dwelling house on the place;
an acre of ground for garden; milk, butter, and cream neces-
sary for table use; and to give the privilege to keep a flock
of hens to the number of 100, and to furnish feed for these
free of charge. In consideration, the defendant was to have
half of the increase of said flock. It is conceded that, on
the 1st day of October, the defendant owed the plaintiff $80

for wages, and $6.45 for board furnished. On the second day of that month, the defendant made a check payable to plaintiff or order for $86.45, and in the check is a recital that same was "in full of all obligations to date." It is certain that the plaintiff left the farm and the employ of the defendant on the 1st day of October, and that neither party has since done anything in fulfillment of said written contract. The claim of plaintiff is for damages sustained by the breach of the contract, and since the 1st of October. These damages are: house rent running from that date to the expiration of the contract; failure to supply butter, milk, and feed for the chickens; and an item of room rent to the amount of $24, at $1 a week. It is doubtful whether there is any conflict over whether the defendant wrongfully discharged the plaintiff. To a certainty, it is not settled as matter of law that the discharge was rightful; and, in so far as the correct decision of this cause involves the question of the rightfulness of that discharge, there should have been no directed verdict. In fact, the only position seriously urged by the appellee here is that there was an accord and satisfaction, because the plaintiff accepted said check without making protest or claim that such check did not constitute payment in full. It is, in effect, conceded that *Shull, Gill, Sammis & Stilwell v. McCrum*, 179 Iowa 1232, controls this case, unless the alleged silence of the plaintiff differentiates this case from the first. If that be a vital distinction, it will be seen later that there was claim that more would be due than the amount of the check. As is true in the *Shull* case, the amount of the check covered only what was confessedly due at all events. The only question is what effect shall be given to its recital that it is "in full of all obligations to date,"—October 2, 1915. All that appellee claims for this is stated in his own testimony to be that he "paid him up to that time." Defendant testifies that, at the time the check was being made, or soon

thereafter, the plaintiff said defendant would have to pay him for the full year, and that defendant said "No;" and that, being told by the wife of plaintiff that defendant would have to do this, as he had broken a contract, he answered that she had broken the contract first. Upon this recital in the check, and these facts, and this dispute, is builded the claim of the appellee that accord and satisfaction is established as matter of law. We cannot accede to this claim. The recital that the check was for all that was due to that time is a true one. That it was given and accepted for what was due to that time is manifestly no settlement of anything that might be due later. And all of plaintiff's cause of action is builded upon what arose to create a liability at a time later than the acceptance of the check. To be sure, there was a controversy whether more than the amount of the check would ultimately be due; but it was a controversy over just that, and no more. Paying what was due can work no accord and satisfaction as to that, because a payment of what is confessedly due is fully supported by and rests for sole consideration upon the fact that so much is due. If a check is given because the amount thereof is confessedly due, its acceptance settles only what needs no settlement, and cannot be enlarged to be the consideration for an agreement not to enforce other, though disputed, demands.

We think it was error to direct a verdict for the defendant, and the cause is, therefore,—*Reversed and remanded.*

PRESTON, C. J., LADD, EVANS, and GAYNOR, JJ., concur.