CLARENCE MARSH, Appellee, v. PILCHER HARDWARE COMPANY, Appellant.

**ACCORD AND SATISFACTION:** Acceptance of Check—Burden of Proof. The acceptance of a check, after an attempt to settle and adjust both *admitted* and *disputed* claims, generates a presumption that the parties have fully settled and adjusted *all* their claims; and such presumption must prevail, unless he who accepts the check shows that the amount received was due him *in any* event.

*Appeal from Ida District Court.*—M. E. HUTCHISON, Judge.

DECEMBER 31, 1920.

APPELLEE has judgment on verdict for commissions alleged by him to be due him from the defendants. The defendants urge several complaints against the action of the trial court. One of them is that the claim for which a recovery was allowed below had been fully settled.—*Reversed.*

*George H. Clark,* for appellant.

*Albert B. Walter* and *J. C. Walter,* for appellee.

SALINGER, J.—I. It is conceded that appellee was in the employ of appellant on a stated monthly salary. He claims that, notwithstanding this, there is due him a commission for selling Delco lighting systems and Parrott tractors. As already stated, one defense interposed was accord and satisfaction. The defendants unsuccessfully moved a directed verdict in their behalf

on this issue. If this motion should have been sustained, no other matter urged on this appeal need be considered; and we address ourselves to that question first.

After the employment of plaintiff by the defendants had been terminated, he was indebted to them for merchandise, and in the sum of $10. One of the defendants testifies that, acting for the partnership, he had a settlement in full with the plaintiff, on November 1, 1919, after said contract employment had been terminated. It is undisputed that, on that day, the partnership, for some purpose, delivered to appellee its check for some $58, and that plaintiff received and cashed this check. It is conceded that this was a settlement of something. If there be dispute, it is as to what was settled. We have some testimony in the form of conclusions which balance each other. While one of the defendants testifies that, when he delivered this check, it was his intention same should be in payment in full of all claims between the partnership and plaintiff, and so testified, without objection, we may assume that this was balanced by testimony of the plaintiff, given over objections, that the check was received "as a balance of the salary of the $80 a month; represented the salary of $80 a month, the balance that was due on the first day of November." By way of a statement of fact, a witness for the defendant said that the check was given after a long conference and dispute over whether the items of commission claimed were due and should be paid. On the other hand, plaintiff testifies that, while this talk did last probably an hour or so, that nothing was "mentioned about the claim sued on in this action," i. e., commissions for selling lighting plants and tractors. The witness for the defendant testified further that plaintiff inquired of the witness whether they were going to pay him any extra for selling lighting plants, and that he answered, "No," and that thereupon, plaintiff said, "Well, all right, if you feel that way, that is all right; we will settle." We doubt whether this particular statement is denied, but we will assume that it is. If matters stood thus, there would be such conflict as that the court did not err in refusing to direct a verdict for defendants on this issue. But the testimony did not remain in that condition. It appears, without dispute, that,

prior to the day on which this check was given and accepted, plaintiff had written to defendants, asking settlement of his claim, and received no answer. After saying that. these commissions were not mentioned on the day when it is claimed there was a settlement, he testifies, in answer to a question as to what was said on that day and occasion: ·

"Well, as far as what was said, why there wasn't anything said, only that I owed him so much money and he owed me $80, and he took the· difference off, and that is the check."

We may assume there would still be a conflict if· this were all. But it is not all. Immediately after making this statement, the plaintiff added that they talked "probably an hour or so." Forgetting his former statement that the claim now sued on was not mentioned, to say nothing of the fact that, before the day in question, he had made a written demand for its settlement, he testifies that, in that very talk, he tried to get defendants to pay this very claim:

"Q. Now, what did you say to Mr. Pilcher at that time in regard to your claim for compensation for the sale of those lighting systems and those Parrott tractors? A. I tried to get him to pay it. Q. Yes, you tried to get him to pay it,— but was that after you had taken the check? A. That was before I took the check."

He was then asked flatly whether his claim "for certain commissions for the sale of these Delco lighting systems and these tractors was not had on that day." At first, he said it was not on that day, but he thought it was about a week earlier. But he finally admitted that claim for these commissions was made and talked of on whatever day the check bears date. Not only this,—he testifies still later that he took the check after he had made claim then and there to be paid his commissions, and after defendant had refused to accede to that claim; and that he urged his claim by presenting a slip, on which he had the items of commissions. The examination was this:

"Q. Now, at the time the check was given, Mr. Pilcher, you say, told you he would pay you nothing for the sale of Delco lighting systems or the tractors? A. Yes, sir. Q. And that statement was made to you before you took the check? A. Well, it was right in at the time we were talking, yet. Q. And

although Mr. Pilcher told you he wouldn't pay you anything for the selling of Delco lighting systems or the tractors, you took the check just the same? A. That check was salary. Q. Answer that, yes or no. A. Yes, I took it. Q. And that was the settlement you had there at that time? A. Yes, sir. Q. Did you tell them at that time how much they owed you? A. Yes, sir. Q. And had it all figured out? A. I did. Q. Have you got that bill you presented them at that time? A. Got this slip here. Q. And it is all figured on that slip? A. Partly figured out. Q. Is that the slip you presented to them at that time? A. Yes, sir, this is it. Q. At the time you made that settlement, and on November 1, 1917, you had this slip there, and figured it out, and told that Pilcher Hardware Company how much it was? A. Yes, sir. Q. And they refused to pay it? A. They did. Q. And at the same time, you accepted this check? A. Yes, sir."

It appears without dispute that the account owed by plaintiff was balanced on the books of the defendant, after this alleged settlement was made, and that no claim for commissions was thereafter made, until an attorney for the plaintiff wrote a letter threatening suit unless the commissions were paid.

If it were not in dispute that anything whatsoever was due for commissions, and if it were made to appear that the sum paid to plaintiff was no more than was, in any event, due him for balance on his contract salary, we would have a different question. See *Shull, Gill, Sammis & Stilwill v. McCrum,* 179 Iowa 1232; *Gross v. Wallen,* 182 Iowa 429. But, as seen, the item of commissions was in dispute, and, at the end of the dispute, the plaintiff accepted a check, the amount of which was arrived at by first deducting a $10 indebtedness which he was owing the defendants. To say the least, there is a presumption or inference raised by this situation that a general settlement had been made. Upon this, there is raised a presumption that such settlement covered all claims arising prior to the making thereof; and the burden of rebuttal is on the party who seeks to avoid the evidence of such settlement. *Kirkpatrick v. Tipton,* (Iowa) 114 N. W. 887 (not officially reported); *Johnson v. Berdo,* 131 Iowa 524; *Tank v. Rohweder,* 98 Iowa 154. In this state of the record, it was for the plaintiff to show that the acceptance of

the money should not be held to cover his claim for commissions, because all that was paid him was something that was due him at all events. It may be conceded that the payment would not have worked an accord and satisfaction as to the disputed claim if, after the dispute was over, defendants had paid to plaintiff, say, only what was due him confessedly for balance of salary. But there is no such evidence in the record. It follows the court erred in refusing to direct verdict as moved. This conclusion, of course, makes it unnecessary to consider any other assignments by the appellant.—*Reversed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.