EMMA R. KELLER *vs.* ERNEST F. ROHDE.

Third Judicial District, Bridgeport, April Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

Argued April 11th—decided May 21st, 1929.

*Charles S. Hamilton,* for the appellant (plaintiff).

*Walter J. Walsh* and *Maurice E. Resnick,* for the appellee (defendant).

BANKS, J.   This action was brought to recover the reasonable value of services as a housekeeper alleged to have been rendered by the plaintiff under an agreement with the defendant that in consideration of such services she should have a home in his house as long as he lived and that upon his death the property should be hers.   The jury could reasonably have found the following facts:  The defendant owned a house consisting of two five-room flats and three rooms in the attic, and the defendant and his wife had occupied the upstairs five-room flat for many years.   The defendant's wife died on September 15th, 1922, and on or about October 1st, 1922, the defendant and the plaintiff, who was the sister of defendant's wife, entered into an oral agreement whereby the plaintiff rented of the defendant the flat which he had occupied for $40 a month, and as a part of the agreement the plaintiff

agreed to board the defendant and to take care of the three rooms to be occupied by the defendant in the attic for $10 a week, and also to take care of a pet dog owned by the defendant. About three months later the plaintiff told the defendant she could not board him any longer and he ceased to board with the plaintiff but continued to occupy the three-room apartment and the plaintiff continued to pay the agreed rent. The following July the plaintiff told the defendant she could not afford to pay the rental of $40 a month and the defendant agreed to reduce it to $28 a month. On September 10th, 1925, the defendant sent the plaintiff a written notice to vacate the premises. On September 14th, 1925, when the defendant called for the rent the plaintiff handed him a statement of a number of items for expenditures for the house which amounted to $21.03 which she claimed should be credited upon her month's rent of $28, leaving a balance of $6.97 in full of any financial obligation between them. At the request of the defendant the plaintiff signed this statement which was admitted in evidence as Exhibit 1. The plaintiff moved out of the defendant's house on September 19th, 1925, and brought this action for a breach of the alleged agreement of the defendant that she should have a home upon the premises as long as he lived and that the property should become hers upon his death. The answer of the defendant denied the making of such agreement and as a second defense alleged that the $6.97 paid to the defendant by the plaintiff was paid by her and accepted by him in full satisfaction of all debts or liabilities then existing between them.

The plaintiff requested the court to charge the jury that the paper, Exhibit 1, did not purport to be a release or discharge of the claim upon which the plaintiff was suing and that it was not a receipt for anything

received from the defendant in satisfaction of such claim; and further, that at the time it was signed the plaintiff was still in possession of the premises and her cause of action against the defendant was not complete and therefore not the subject of accord and satisfaction, release or payment. The court did not so charge. In its charge the court treated this second defense as a defense of accord and satisfaction and correctly charged the jury that to constitute such defense it must appear that Exhibit 1 was given and received by the parties with the intention of extinguishing mutually all their claims and particularly that it must appear that at the time this writing was given the plaintiff intended thereby to settle her claim for services. The court also charged that an accord and satisfaction must rest upon a consideration, and as to that charged as follows: "Now if you find that, about that date, each of these parties had a claim against the other, that the plaintiff was owing to the defendant rent, and that he was owing to her for certain items which she had furnished him, setting off the mutual claims of one party against the other would be a sufficient consideration to support such an agreement of settlement so far as consideration is concerned." Exception is taken to this portion of the charge and we think with reason. The mutual claims to which the court is here referring are, as it specifically states, the claim of the defendant against the plaintiff for rent and the claim of the plaintiff against the defendant for certain items furnished in the house, which claims the court temporarily confused with the distinct claim of the plaintiff against the defendant for breach of contract, which was not included in the set-off, and with which that transaction was not connected in any way such that it could be said to furnish a consideration for any agreement to settle it. Furthermore, this

set-off of the $21.03, which the plaintiff had expended for the defendant, against the $28 rent which she owed him, could not upon this record have had the effect of an accord and satisfaction of the claim in suit, and the plaintiff was therefore entitled to the substance of her requests to charge upon that subject. The defense of accord and satisfaction requires the defendant to allege and prove a new contract based upon a new consideration which must be offered by the debtor and accepted by the creditor with intent to satisfy the whole claim, and that such will be the effect of its acceptance must be made known to the creditor in some unmistakable manner so that he is bound to understand that if he takes it he takes it in full satisfaction of his claim. *Crucible Steel Co.* v. *Premier Mfg. Co.,* 94 Conn. 652, 656, 110 Atl. 52; *Hanley Co., Inc.* v. *American Cement Co.,* 108 Conn. 469, 143 Atl. 566. The paper, Exhibit 1, purports to be nothing more than a receipt for the $21.03 which the defendant credited upon the plaintiff's rent. The finding does not indicate that at the time it was signed any reference was made to the unliquidated claim which is the subject-matter of this action, nor that anything was said or done that would make it known to the plaintiff that if she accepted this credit she would take it in full satisfaction of such claim, in fact there is nothing in the finding of facts which the defendant claimed to have proved suggesting any connection whatever between this credit memorandum and the plaintiff's claim for breach of contract. The defendant did offer proof that at the time of this transaction he asked the plaintiff whether there was any other indebtedness due her from him and that she replied that there was none. Objections to this evidence and to the admission of the memorandum, Exhibit 1, were properly overruled, since they were both relevant to the issue

as to whether the plaintiff and defendant had entered into any such agreement as that alleged in the complaint. But at the time this inquiry was made by the defendant the plaintiff was still in possession of the premises and there had been no breach of the contract by the defendant. The most that could be claimed by the defendant as to this transaction would be that the plaintiff accepted the $21.03 credit upon her rent bill in full of all demands to date. That is far from being an accord and satisfaction of an unliquidated demand which had not yet accrued. In *Mance* v. *Hossington,* 205 N. Y. 33, 98 N. E. 203, and *Gross* v. *Wallen,* 182 Iowa, 429, 165 N. W. 993, the facts were not unlike those found here, the plaintiff in each case suing for breach of a contract of employment, having been paid by the defendant his wages for a certain period and having given the defendant a receipt for the same reading "in full of all demands to date" or similar language. The court in each case held that the receipt could not be regarded as an accord and satisfaction of a disputed and unliquidated claim for breach of the contract of employment. The court erred in its submission to the jury of the defendant's claim under the second defense.

There is error and a new trial is ordered.

In this opinion the other judges concurred.