[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 7, 1992, the plaintiffs, Neil and Janice Yorke, filed an amended complaint alleging breach of contract by the defendant, Executive Dodge, Inc., in the sale of a used car to the plaintiffs. The plaintiffs further allege that they have been injured by the defendant's use of fraudulent misrepresentations, false pretenses, and unfair and deceptive trade practices which induced them to purchase a vehicle that did not conform to the terms of the defendant's representations.
On May 8, 1992, the defendant filed an answer to the plaintiffs' amended complaint along with a special defense of accord and satisfaction. The defendant's special defense alleges that "the plaintiffs and the defendant entered an agreement that the defendant would repurchase the subject automobile and the plaintiffs would tender a title and deliver the subject automobile to [the] defendant." The defendant further alleges that it repurchased the vehicle from the plaintiffs on August 8, 1991 pursuant to their agreement. Lastly, the defendant alleges that "[t]he defendant's tender and the plaintiffs' acceptance of $9,500.00 and the plaintiff's delivery of title and the subject automobile to defendant constitutes an accord and satisfaction of the alleged claim."
On May 22, 1992, the plaintiffs filed a motion to strike the defendant's special defense of accord and satisfaction on the grounds that the defendant failed to allege facts showing there was an accord and satisfaction between the parties. As required by Practice Book 155, the plaintiffs have filed a memorandum in support of their motion to strike, and the defendant has timely filed a memorandum in opposition to that motion.
The purpose of a motion to strike is to challenge the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike is the proper method to test the legal sufficiency of a special defense. Practice Book 152(5). In ruling on a motion to strike, the trial court is limited to the facts alleged in the CT Page 8857 pleadings and the grounds specified in the motion. Maloney v. Conroy, 208 Conn. 392, 394, 535 A.2d 1059 (1988); Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). The motion to strike "admits all facts well pleaded; it does not admit legal conclusions . . . stated in the pleadings." Mingachos v. CBS, Inc., 106 Conn. 91, 109, 491 A.2d 368 (1985). The allegations in the pleadings are construed in the light most favorable to the nonmoving party. Gordon, supra, 170. Thus, if the facts provable under the allegations of a pleading would support a defense or a cause of action, the motion to strike must fail. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 218-19, 520 A.2d 217 (1987).
The plaintiffs argue in their memorandum in support of the motion to strike that the defendant fails to allege facts to indicate that the agreement reached by the parties was a contract; that it was intended by them to be an accord; and that it was conditional upon the plaintiffs' acceptance of it in full satisfaction of the plaintiffs' claims. The defendant argues in its memorandum in opposition to the plaintiffs' motion to strike that it has sufficiently alleged the special defense of accord and satisfaction.
"When there is a good faith dispute about the existence of a debt or about an amount that is owed, the common law authorizes the debtor and the creditor to negotiate a contract of accord to settle the outstanding claim." Country Fire Corporation v. C. F. Wooding Co., 202 Conn. 277, 281, 520 A.2d 1028 (1987). Satisfaction takes place when the accord is executed. Gillis v. Gillis, 21 Conn. App. 549, 552, 575 A.2d 230 (1990), quoting W. H. McCune, Inc. v. Revzon, 151 Conn. 107, 109, 193 A.2d 601
(1963). "Upon acceptance of the offer to accord, the creditor's receipt of the promised [performance] discharges the underlying debt and bars any further claim relating thereto, if the contract of accord is supported by consideration." Country Fire Corporation, supra, 281.
First, "[t]he defense of accord and satisfaction requires the defendant to allege . . . a new contract based upon new consideration. `There must be a new agreement with a new consideration'." Crowder v. Zion Baptist Church, Inc., 143 Conn. 90,99, 119 A.2d 736 (1956), quoting Goodrich v. Stanley,24 Conn. 613, 621 (1856); see also Crucible Steel Co. v. Premier Mfg. Co., 94 Conn. 652, 656, 110 A. 52 (1920). The defendant has alleged in its special defense that "[t]he plaintiffs and the CT Page 8858 defendant entered an agreement that the defendant would repurchase the subject automobile and plaintiffs would tender title and deliver the subject automobile to the defendant," and that pursuant to said agreement such an exchange took place on August 8, 1991. Thus, the defendant has alleged facts sufficient to establish a new agreement between the parties based on new consideration.
Second, "the defense of accord and satisfaction requires the defendant to alleged [that the new agreement] . . . be offered by the debtor and accepted by the creditor with intent to satisfy the whole claim, and that . . . the effect of its acceptance must be made known to the creditor in some unmistakable manner so that he is bound to understand that if he takes it, he takes it in full satisfaction of his claim." Keller v. Rohde, 109 Conn. 244, 248,146 A. 288 (1929); see also Crucible Steel Co., supra, 656; Hanley Co., Inc. v. American Cement Co., 108 Conn. 469, 471,143 A. 566 (1928). The defendant does not allege in its special defense that the agreement to repurchase the car was offered on the express condition that it be accepted in full satisfaction of the plaintiffs' claims, nor that the plaintiffs unmistakably understood that if they accepted the offer they accepted it in full satisfaction of their claims.
The defendant's special defense merely alleges that "[t]he defendant's tender and plaintiffs' acceptance of $9,500.00 and the plaintiffs' delivery of title and the subject automobile to defendant constitutes an accord and satisfaction of any alleged claim." The allegation that the performance of their agreement "constitutes an accord and satisfaction" is a legal conclusion. A motion to strike "admits all facts well pleaded; it does not admit legal conclusions . . . stated in the pleadings." Mingachos, supra, 109.
The defendant has failed to allege an essential element of accord and satisfaction, namely that the new agreement reached between the defendant and the plaintiffs was intended to be accepted by the plaintiffs in full satisfaction of their claims. As a result, the defendant's special defense fails to allege facts sufficient to raise a valid defense of accord and satisfaction. Thus, the defendant's special defense is stricken.
ZOARSKI, JUDGE CT Page 8859